## WILLIAM W. HERRICK

### vs.

## RUFUS J. BALDWIN, impleaded, &c.

Defendant Putnam made a promissory note payable six months after date to the order of Baldwin, who indorsed the same for mere accommodation for Putnam's benefit and returned the same to Putnam, the note being then undated, though Putnam subsequently inserted a date in pursuance of an understanding between him and Baldwin. After the note was indorsed and returned to him, Putnam, without Baldwin's knowledge, privity or consent, added to the body of the note the words: "Payable before maturity, and interest on unexpired term refunded, if I so elect." The note was then negotiated and delivered by Putnam to plaintiff, who is a *bona fide* holder for value, and who, at the time of the sale and delivery of the note to him, had no notice that the note, as it was written when indorsed, had been in any respect changed. *Held*, that Baldwin's contract of indorsement is not changed by the alteration, because, his rights and obligations under such contract not being affected by it, the alteration is not material to him.

A notarial instrument of protest was received in evidence, in which it was stated, among other things, that the notary presented said note "at the last place of residence of the maker in this state, said maker having left this state, and having no residence or place of business therein, and demanded payment.

of the same, which was refused." *Held*, that it being found by the court below that the note was made in this state, the presumption, in the absence of proof to the contrary, is that the maker was a resident of the state at the time of making the same. *Held*, further, that no proper objection having been taken at the trial to the admission of said instrument of protest in evidence, objection to its competency for the purpose of showing that said maker had left this state, and had no residence or place of business therein, will not be considered in this court. *Held* further, in view of the preceding holdings, that the instrument of protest was proper evidence of due presentment and demand. *Held* further, that when a note is made by a resident of this state, who before its maturity removes therefrom and takes up a permanent residence elsewhere, it is *sufficient* to present the note for payment at the maker's last place of residence in this state.

This action was brought in the district court for Hennepin county by the payee of a negotiable promissory note against the maker and the indorser. A jury trial was waived, and the action was tried by the court, the judge of the seventh judicial district acting for the judge of the fourth district. Judgment was ordered and entered in favor of the defendant Baldwin, and the plaintiff appeals. The case is fully stated in the opinion.

ᵀHOMAS LOWRY, for Appellant.

CORNELL & BRADLEY, for Respondent.

*By the Court.*—BERRY J.—Defendant Putnam made a promisory note for $750, payable six months after date to defendant Baldwin, who indorsed the same and returned it to the maker. The note was made wholly for Putnam's benefit, Baldwin being a mere accommodation indorser. At the time of the indorsement and return aforesaid the note was undated, but a date was subsequently inserted by Putnam, pursuant to an understanding between him and Baldwin. After the note was endorsed and returned as aforesaid, Putnam, without the knowledge, privity or consent of Baldwin, added to the body

of the note the words following, to-wit : "Payable before maturity, and interest on unexpired term refunded, if I so elect." In this condition the note was negotiated and delivered by Putnam to the plaintiff, who is a *bona fide* holder thereof for value, and who, at the time of the sale and delivery of the note to him, had no notice that the note, as it was written when endorsed by Baldwin, had been in any respect changed. The court below gave judgment for Baldwin upon the ground that the addition of the words, "Payable before maturity, &c," was a material alteration of his contract of endorsement and discharged him from liability thereon.

This is not a case in which, whether the alteration be material or immaterial, the *maker's* contract is invalidated, for the alleged alteration was made by the maker, and before the note was put into circulation. Whether the addition of the words mentioned is, *as to the plaintiff*, to be regarded as an alteration at all in any legal sense; whether under the facts appearing Putnam the maker may not, *as respects the plaintiff*, properly be regarded as an agent of Baldwin the endorser in adding to the note; or, if Putnam be not such agent, strictly speaking, whether Baldwin may not be held responsible upon the principle that, when one of two innocent persons must bear a loss occasioned by the act of a third person, it must fall on him who employed such person and furnished or entrusted him with the means of consummating the injurious act, are important questions, the bare statement of which, suggests many difficulties; see *Young vs. Grote,* 4 *Bingham,* 253 ; *Putnam vs. Sullivan,* 4 *Mass.* 45 ; *Britton vs. Ducher,* 46 *Mo.* 591 ; *Waterman vs. Vose,* 43 *Me.,* 504 ; *Wood vs. Steele,* 6 *Wallace,* 80 ;- *Wade vs. Withington,* 1 *Allen,* 562 ; *Woodworth vs. Bank of America,* 19 *Johnson,* 393 *op. Chancellor Kent.* But as the satisfactory solution of these questions might require some addi-

tional findings of fact, and as they were not very thoroughly discussed at bar, we forbear to consider them at this time.

Admitting, however, that the addition mentioned is an alteration of the note as to Baldwin, his contract of endorsement is not thereby invalidated unless the alteration is material. 2 *Parsons' Bills and Notes*, 564, 582; 2 *Parsons' Contracts*, 720; 1 *Smith Lead. Cases*, [966.] But to be material, the alteration must in some way affect the rights or obligations of Baldwin under his contract of endorsement. His rights are at the maturity of the note to have the same duly presented to the maker, payment of the same duly demanded, and, in case of non-payment, to receive due notice thereof; and, if he is himself compelled to pay the note, he has a right of recourse over against the maker. His obligation is to pay the note, if, upon proper presentation and demand, the same is not paid by the maker, and notice of non-payment is duly given to himself. It is hardly necessary to say that these rights and obligations are not in any way changed or affected by the so-called alteration, and we are therefore of opinion that it cannot be held to be material.

The court, before which this action was tried below without a jury, finds, "that at maturity the said note was presented for payment at the last place of residence of said maker in this state, the said maker having left this state and having no residence or place of business therein, and payment thereof demanded, which was refused, and thereupon, the same day, said note was protested for non-payment, of all which, notice was regularly served on said defendant, Rufus J. Baldwin, as endorser."

The only evidence offered to establish the facts thus found is the instrument of protest, which states, among other things, that the notary presented the note "at the last place of residence of the maker, in this state, said maker having left this

state and having no residence or place of business therein, and demanded payment of the same, which was refused." It is insisted by the defendant, that this is not proper evidence of presentment and demand, nor of an excuse for the omission of such demand and presentment. The defendant makes this point upon the ground that, even if the court below erred in believing the alteration material, and therefore in giving judgment for defendant Baldwin, the judgment should be sustained, because Baldwin was not properly charged as endorser by due demand and presentment of the note to the maker.

The rule appears to be, that when a note is made by a resident of a state, who before its maturity removes from such state and takes up a permanent residence elsewhere, it is *sufficient* to present the note for payment at the maker's last place of residence in the state from which he has so removed. *Taylor vs. Snyder*, 3 *Denio*, 145 ; *Wheeler vs. Field*, 6 *Metcalf*, 294; though whether, under such circumstances, presentment and demand are not entirely excused, seems not altogether free from doubt. [*M'Gruder vs. Bk. of Washington*, 9 *Wheaton*, 602 ; *Foster vs. Julien*, 24 *N. Y.* 28.]    But it is urged that, admitting the *competency* of the above quoted statements found in the instrument of protest, there is nothing to show that the maker of the note in suit was a resident of the state at the time when he made the note.   It is however found by the court, from evidence in the case, that the note was made in the state, and the presumption, in the absence of proof to the contrary, is that the maker resided at the place where the note was made, for the same reason that it is presumed that the maker resides at the place where a note is dated, whenever it is dated at any particular place, as the note is not in the present instance. *Taylor vs. Snyder, supra ; Smith vs. Philbrick*, 10 *Gray*, 253.

It is further contended that it was not competent to prove, by statements contained in the instrument of protest, that Put-

nam had left this state and had no residence or place of business here. But it is a sufficient answer to this position, that the instrument of protest, containing the statements referred to, was received in evidence without anything which can be treated as an objection, since the settled case shows that when the note and instrument of protest were offered in evidence, defendant objected to their reception solely upon the ground that " the said note is not such paper as the statute makes *prima facie* evidence of its own execution." If plaintiff had been *properly* notified of any objection to the instrument of protest as evidence, he might have offered other testimony in its place or to supplement it. *McCormick vs. Fetch,* 14 *Minn.* 264.

From all this it follows that there was evidence in the case to show that Putnam resided in this state at the time of the execution of the note, and that he had removed herefrom and resided elsewhere at the time of the protest, that is to say, after the making and before the maturity of the note, and that such presentment and demand as the law pronounces sufficient were made. These views also dispose of the point made upon the complaint.

Judgment reversed.