## Jacob D. Hess v. L. N. Ferris.

1. PARTNERSHIP—*Not Liable for Personal Obligations of its Members.*—A person who is a member of a firm may transact business in his personal capacity and of the same sort as that in which the firm of which he is a member is engaged, and the firm will not be liable for his obligations.

2. SAME—*Holding a Person Out as Partner—Liability.*—Where a person holds another out as his partner he will be liable as a partner for his acts in the name and on account of the firm and within the scope of its business, although he may not have been consulted in the matter and may have known nothing about it.

3. FRAUDULENT TRANSFERS—*Recovery of Property Back.*—Where a person sells or disposes of property or a judgment for the purpose of hindering, delaying or defrauding creditors, the law will not aid to recover such property or judgment back.

4. APPELLATE COURT PRACTICE—*Objections.*—When a party makes an objection to the introduction of testimony upon a specified ground, he can not change his position and urge an objection upon a different ground in the Appellate Court.

**Memorandum.**—Assumpsit. In the Circuit Court of Pike County, on appeal from a justice of the peace; the Hon. JEFFERSON ORR, Judge, presiding. Trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1894, and affirmed. Opinion filed February 11, 1895.

APPELLANT'S BRIEF, MUMFORD & JOHNSTON, ATTORNEYS.

If the plaintiff assigned the Sykes judgment for the fraudulent purpose of removing it beyond the reach of his creditors, he can not have aid here. Soucy v. The People et al., 113 Ill. 109.

Where the property of a person is in the custody of a firm, and the owner gives to one partner a special authority to act in regard to it, which the other partners do not have, and such partner uses the power to convert such property to his own use, the mere fact that his partnership in the firm afforded him the opportunity, is not sufficient to make the partnership liable. 1 Bates on Partnership, Secs. 475, 467, 468.

Tortious acts of copartners, in order to raise a liability against their copartners, must be done in the course of partnership business, and in the character or capacity of partners. Parsons on Partnership, 152; Schwabacker et al. v. Riddle, 84 Ill. 517; Durant v. Rogers, 71 Ill. 124.

To hold a copartner liable for a tort of his copartner, something further than the mere knowledge or consent would be necessary. This consent should be of so active and positive character as to amount to advice or co-operation. Gilbert v. Emmons, 42 Ill. 143.

One partner can not involve another in a trespass unless in the ordinary course of their business and in a case where the trespass is in the nature of a taking which is available to the partnership; and in such case, to render the partner liable who did not join in the commissions of the trespass, he must afterward have concurred in and received the benefit of it. Grund et al. v. Van Vleck, 69 Ill. 478; Petrie v. Lamont, 1 Car. and Marsh. 57.

APPELLEE'S BRIEF, WILLIAMS & WILLIAMS, ATTORNEYS.

The test of liability of one partner for the act of a copartner is the same as in the case of principal and agent, and generally the copartner is liable, if he would have been liable had the same act been committed by an agent intrusted with the management of the business. Bates' Law of Partnership, Sec. 464; Lathrop v. Adams, 133 Mass. 471; 43 Am. Rep. 528; Hall v. Youets, 87 N. Car. 285.

Thus such partner is agent of the firm in the transaction of all business within the line and scope of the copartnership. Gow on Partnership, 52; Rosenkrans v. Barker, 115 Ill. 331.

The appropriation by one partner of moneys received within the scope of the partnership business, or in the custody of such partner as a representative of the firm renders each partner liable to the owner for the conversion, whether he knew anything about it or not. 17 Am. and Eng. Enc. of Law, 1070.

Where one of a firm of attorneys doing a collection busi-

ness, collects money for a client and absconds with it his partner is liable. McFarland v. Crary, 8 Cow. (N. Y.) 253; Dwight v. Simon, 4 La. Ann. 490.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for $49.50 recovered by appellee against appellant as surviving partner of Benton Colvin.

Appellant and Colvin were partners as attorneys at law, and the claim of appellee was that the firm had failed to pay over to him a sum of money collected by them upon a judgment in his favor against the estate of one Logan, an insane person, for whom appellee had at one time been conservator.

The evidence tended to show that the money had been so collected, but the appellant insisted that it was done by Colvin in his personal capacity and not as a member of the firm. Indeed it seems to be urged that his action in that regard could not be binding on the appellant as his copartner. While it is true that one who is a member of a firm may transact business in his personal capacity of the same sort as that in which the firm is engaged, and in such case the firm would not be liable, yet we think there is sufficient evidence here to support the conclusion that this transaction was by Colvin in the name and on account of the firm, so understood by him and by the appellee, and that it was within the scope of the partnership business—though it may be true that appellant was not consulted and may have known but little, if anything, about it. Having held Colvin out as his partner he must be bound by his acts in that behalf.

It is urged that the appellee transferred the judgment to the firm for the purpose of hindering his creditors, and there was some evidence tending to prove the charge. He denied it, however, and this was a question of fact for the jury which they solved in favor of appellee. The court instructed the jury that if the judgment was transferred for such purpose the action could not be maintained, and there

is no objection to the instructions on this or any other point in the case. The appellee insisted that he did not transfer the judgment at all but merely gave a written order or authority to the attorneys to collect it, and in the course of his testimony he was permitted to state the language or the substance of it as contained in the writing which had been delivered to the present conservator, who had paid it. This testimony was objected to " on the ground that this was an arrangement with Mr. Colvin when Mr. Hess was not present," as appears from the record. The objection now made that it was erroneous to allow oral proof as to the contents of the writing was not then urged. If it had been perhaps it could have been obviated. Having placed the objection on the specified ground stated, which was clearly not valid, the appellee waived the objection now urged.

We find no substantial error in the record and the judgment will be affirmed.