SUE WEST NEWELL, Respondent, *v.* EDWARD G. WOOLFOLK and
CHARLES SILLERY, Composing the Firm of WOOLFOLK & SIL-
LERY, Appellants.

*Blasting — measure of care required — how far one may use his own property to the
prejudice of his neighbor — failure to prove title, an objection based thereon cannot
be first taken on appeal.*

The maxim "*sic utere tuo ut alienum non laedas*" does not prevent an owner of
property from making proper use thereof, although such use may inflict
damage upon his neighbor; the real meaning of the rule is that a person may
not use his own property to the injury of any legal right of another.

A person cannot conduct the operation of blasting on his own premises,(an act
from which injury may be apprehended to the property of his neighbor) with-
out the most cautious regard for the rights of such neighbor.

Where, upon the trial of an action for trespass upon real estate, the plaintiff does
not prove that he is the owner of the property, the objection that ownership has
not been proved, unless taken upon the trial, cannot be considered upon appeal.

In an action brought to recover damages done to a dwelling house, resulting from
the alleged negligence of the defendants who were engaged in blasting rock near
the plaintiff's premises, it appeared that, in conducting the work "breasts" or
rows of holes, from fourteen to twenty feet deep, were charged with dynamite
and were exploded simultaneously, shaking the surrounding earth for a consid-
erable distance and causing logs placed upon the rocks previous to the blasting to
be thrown a distance of over 200 feet and over the tops of houses; that the rock
could have been removed with smaller blasts, but that the method adopted was
the usual one and the one most profitable to the defendants.

*Held,* that the plaintiff was entitled to recover for damages done to the walls and
ceilings of her house by the concussions.

APPEAL by the defendants, Edward G. Woolfolk and another,
from a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of Westchester on
the 26th day of January, 1895, upon the report of a referee; also,
from the order of the referee denying the defendants' motion for
a nonsuit, and also from the report of the referee.

*Thomas D. Husted,* for the appellants.

*Milo J. White,* for the respondent.

BROWN, P. J.:

This action was brought to recover for injuries to the plaintiff's
property caused by the blasting of rocks by the defendants. The

defendants were engaged from September, 1892, until January, 1894, in excavating in a rock cut near Mount Vernon upon the property of the New York, New Haven and Hartford Railroad Company. The plaintiff's house was situated about 200 feet from where the blasting was being carried on.

The referee found upon sufficient evidence and after a personal examination of the premises, made with the consent of the parties, that the walls and ceilings of the plaintiff's house were cracked and broken and injured as the result of concussions and vibrations occasioned by such blasting.

The rule of law applicable to a case of this character was stated by the Court of Appeals in *Booth* v. *R., W. & O. T. R. R. Co.* (140 N. Y. 267).

Mere proof of injuries sustained from the blasting would not be sufficient to enable the plaintiff to maintain this action. It must appear that the defendants failed to exercise due and proper care. The maxim *sic utere tuo ut alienum non laedas* does not prevent an owner of property from making proper use thereof, although such use may inflict an injury upon his neighbor. The real meaning of the rule is, as stated in the case cited, that one may not use his property to the injury of any legal right of another. The defendants' liability, therefore, depends upon the degree of care exercised, and this was to be determined by the danger to the adjoining property that was reasonably to be anticipated from the character of the work carried on.

It appeared that in conducting the work of blasting, "breasts" or rows of holes from fourteen to twenty feet deep were charged with dynamite and simultaneously exploded, making blasts so powerful that the surrounding earth for a considerable distance was shaken and logs placed upon the rocks to deaden the blast were thrown a distance of over 200 feet and over the tops of houses. It was not disputed but that the rock could have been removed with much smaller blasts, but it would not have been removed so expeditiously, and there would, in using smaller blasts, have been much less profit to the defendants. The method adopted by the defendants was the usual one for excavating rock and the one most profitable to themselves. It is very evident that the defendants in conducting this work had regard only to their own interests. Reasonable care, how-

ever, required from them a due regard for the interests of the adjoining property owners.

In the case cited it was said : " The law exacts from a person who undertakes to do even a lawful act on his own premises, which may produce injury to his neighbor, the exercise of a degree of care measured by the danger, to prevent or mitigate the injury.    The defendant could not conduct the operation of blasting on its own premises, from which injury might be apprehended to the property of his neighbor, without the most cautious regard for his neighbor's rights.    This would be reasonable care only under the circumstances. If it was practicable in a business sense for the defendant to have removed the rock without blasting, although at a somewhat increased cost, the defendant would, we think, in view of the situation, and especially after having been informed of the injury that was being done, have been bound to resort to some other method."

The judgment has ample support in the testimony, and must be affirmed.

An objection is made by the appellants that the finding that the plaintiff is the owner of the property is not sustained by the evidence.    This point does not appear to have been raised specifically upon the trial.    There was a motion made to dismiss the complaint at the close of the case upon the ground that no cause of action had been proved, but it was not suggested that there was a failure to prove plaintiff's ownership of the property.    We think the defendants must be deemed to have waived the objection.    If attention had been called to it, it would probably have been obviated by the production of the deed.

The judgment must be affirmed, with costs.

Pratt and Dykman, JJ., concurred.

Judgment affirmed, with costs.