## John M. Ewen

*v.*

## Albert G. Wilbor, Jr.

*Opinion filed April 20, 1904.*

1. Instructions—*when instruction is not misleading.* An instruction that in a suit on a note the defendant must establish the failure of consideration, set up in his plea, by a preponderance, and that the "burden of proving *any* defense to the note is upon the defendant," is not misleading, as meaning that the word "any" referred to other defenses than failure of consideration.

2. Actions and defenses—*when action is a suit upon a note.* An action under the consolidated common counts and special counts upon a promissory note, complete in itself, is a suit upon the note, notwithstanding it is against the guarantor instead of the maker and the defendant files special pleas setting up a contemporaneous written contract, which it may be necessary to consider upon a final determination of the case.

3. Trial—*specifying objection to evidence waives other objections.* An objection at trial that a certificate of protest is incompetent, as relating to matters between other persons than the parties to the suit, waives the right to object, on appeal, that the certificate itself is insufficient.

4. Bills and notes—*inland bills are subject to protest.* Under the statute in relation to the duties of notaries public, an inland bill of exchange, such as a promissory note, is subject to protest.

5. Same—*special defense by guarantor of note—what must be shown.* To sustain a special defense by a guarantor that the holder of the note had money of the maker in his hands which he should have applied on the note, but which, by fraudulent agreement with the maker, he was released from paying, the guarantor must show that the money was such as the holder had a right to apply upon the note, and which, as to the guarantor, it was his duty to apply.

6. Set-off—*assignment after suit brought not admissible to establish set-off.* Since the claim sought to be set off against plaintiff's demand must have been owned by the defendant when the suit was brought, an assignment of an open account, made on the day of the trial, is not admissible to prove a sale of the account to defendant.

7. Same—*what is not the subject of set-off.* Unliquidated damages arising out of contracts or covenants disconnected from the subject matter of the plaintiff's demand are not proper subjects of set-off under the statute.

Magruder, J., dissenting.

*Ewen* v. *Wilbor,* 99 Ill. App. 132, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

This appeal is from a judgment of the Appellate Court affirming a judgment of the circuit court of Cook county in favor of appellee, against appellant, for $1250.

The declaration was filed on March 9, 1894, and consisted of two special counts and the consolidated common counts. The first special count alleged that on June 7, 1893, Warren Ewen, Jr., at Chicago, executed and delivered to the plaintiff his promissory note, in and by which he promised to pay, "on demand, after six months after the date of said note, to the order of said Albert G. Wilbor, Jr., $1250 at the office of said Warren Ewen, Jr., in Chicago, for value received;" that the defendant, John M. Ewen, on June 7, 1893, at the same time and place of the execution of said note and as part of the same transaction, guaranteed the prompt payment of said note by the following writing on the back of said note, to-wit:

"For value received, I hereby guarantee the payment of the within note at maturity, or at any time thereafter.

JOHN M. EWEN."

The count then alleges presentment of the note and demand for payment thereof after maturity, according to the tenor of the same, but that neither the said Warren Ewen, Jr., nor the said John M. Ewen, nor anyone on their behalf, did or would pay the same, by means whereof defendant became liable, etc. The second special count alleged that on the same day and year Warren Ewen, Jr., was indebted to the plaintiff in the sum of $2000, and in consideration that the plaintiff "would forbear and give time to the said Warren Ewen, Jr.," for the payment of said indebtedness "until he, the said plaintiff, should make payment thereof after six months thereafter, he, the said defendant, undertook, and then and there in

writing faithfully promised the said plaintiff, to pay him the said last named sum of $2000, for value received;" that defendant, relying on said promise, did forbear and give time, etc., but Warren Ewen, Jr., did not and has not paid the same, of all of which the defendant had notice, whereby defendant became liable, etc. The promissory note declared on in the first count was a renewal of a note in the same words and figures, dated November 15, 1892, which was also guaranteed by the defendant.

To the plaintiff's declaration the defendant, John M. Ewen, filed a plea of the general issue and seven special pleas, all based, in whole or in part, upon the following contemporaneous agreement entered into between the plaintiff and Warren Ewen, the maker of the note described in the declaration, as follows:

"This agreement, made this 15th day of November, A. D. 1892, by and between Warren Ewen, Jr., party of the first part, and Albert G. Wilbor, Jr., party of the second part, both of the city of Chicago, Illinois:

"*Witnesseth:* That whereas the said party of the first part is the owner of the rights in certain territory of the United States for certain patents known as the 'multicolor dry process,' and has applied for certain other letters patent for improved process of making blue-prints, and is about to apply for others, and is likely to improve upon the same, and to use, invent and to own other patent processes for copying; and whereas, said party of the first part believes and represents unto the said party of the second part that by reason of the superiority of said processes over all others he can procure the same, some or all of them, to be adopted by the United States government for general use in the making of plats, prints and drawings used by the government architects in and about all United States government architectural work:

"Now, therefore, in consideration of the premises and of the further sum of one ($1.00) dollar in hand paid by the said party of the second part to said party of the

first part, and of other good and valuable considerations, the receipt of which is hereby acknowledged, the said parties of the first and second parts, respectively, do hereby mutually covenant, promise and agree, each with the other, as follows:

"*First*—The said party of the first part hereby agrees to use his best endeavors to procure the adoption by the said government of said processes for use in all government architectural work, and in the event of being successful in procuring the same, or any of them, to be so adopted, all profits and other benefits arising therefrom are to be shared by the parties hereto in equal proportions. Whatever contract, agreement or arrangement that shall or may be made with said United States government regarding said processes, or any of them, shall be made between said government on the one hand and Warren Ewen, Jr., and Albert G. Wilbor, Jr., on the other hand, the intention being that each of the parties hereto shall take in his own name and own an undivided one-half interest in any and all contracts, agreements or arrangements that may or shall hereafter be made with the United States government respecting the use of said processes, or any of them.

"*Second*—The said party of the second part has, upon the ensealing and delivery of these presents, deposited with the said party of the first part, as a special deposit and earnest of good faith herein, the sum of twelve hundred and fifty ($1250) dollars, the receipt of which is hereby acknowledged by said first party. Said sum of twelve hundred and fifty ($1250) dollars shall be held by said party of the first part as a special deposit, but it shall immediately upon the receipt of said second party of a duly executed agreement or contract between the United States government and the parties hereto, providing for the adoption for general use in government work of any of said processes, become the property of the said party of the first part, to compensate him in full for his ser-

vices and the sale to the said party of the second part of said one-half interest in said contract or agreement, and in all other such contracts, agreements and arrangements as shall hereafter be made with the United States government respecting the use of the said processes, or any of them, as above mentioned: *Provided, however,* that unless said contract or agreement with the said government is consummated on or before May 15, A. D. 1893, said sum of twelve hundred and fifty ($1250) dollars shall, at the option of said party of the second part, be then returned by said first party to said second party, and then and in that case this agreement shall be ended and from thenceforth absolutely null and void. Should said second party, however, not elect to have said sum of twelve hundred and fifty ($1250) dollars returned to him, as aforesaid, it shall continue to be held by said first party as such special deposit aforesaid until said government contract or agreement shall be made or until demanded by said party of the second part, when it shall be at once due and payable to him. In order to better secure the re-payment of said sum of twelve hundred and fifty ($1250) dollars in the event that re-payment thereof should be demanded, the said party of the first part has made, executed and delivered his note of hand for said sum, of even date herewith, payable on demand after six months after date, to the order of said party of the second part, at the office of said first party, Chicago, Illinois, and has procured said obligation to be guaranteed by John M. Ewen, of Chicago, Illinois.

WARREN EWEN, JR.,      (Seal.)<br>ALBERT G. WILBOR, JR.      (Seal.)"

The first and second special pleas alleged that the $1250 mentioned in the above agreement was not deposited, as alleged. Replications to these two pleas were filed, which took issue that the deposit was not made, and the evidence showed that appellee drew in favor of the maker of the note two checks, one for $1000 and one for $250.

Five other special pleas were filed, setting up other transactions between the plaintiff and the maker of the note, in the third of which it was averred that the $1250 mentioned in the contemporaneous agreement was afterward, by and with the consent of the plaintiff and without the knowledge of the defendant guarantor, applied to the payment of expenses of a joint venture and agreement entered into by the plaintiff and the maker of the note, by reason whereof the defendant, as guarantor, was discharged from all liability for the return of the special deposit mentioned in said contemporaneous agreement. The fourth additional plea averred that the plaintiff never demanded of the maker of the note the return of the special deposit. The fifth additional plea alleged that plaintiff had in his hands the sum of $3000 which was the property of the maker of the note, and, with knowledge of the insolvency of the maker, fraudulently contriving and intending to injure the defendant and fix his liability as a surety for the return of the special deposit mentioned in the contemporaneous agreement, procured the maker of the note to execute and deliver to the plaintiff, without any good and valuable consideration, a release and discharge from all claims which the maker of the note had against the payee thereof, by reason of which the defendant, as guarantor, was discharged from all liability. The sixth additional plea averred certain contracts were entered into between the payee of the note and the maker thereof, by which the payee was desirous of raising the sum of $1250, and the maker of the note made certain representations to the defendant guarantor to induce the latter to guarantee the note as accommodation paper, to enable the payee to raise the sum of $1250, and that the note in suit was a renewal of said note for the same purpose, and was delivered and accepted solely as accommodation paper for the purpose aforesaid and without any intention of creating any liability on the part of the guarantor to the

208—32

plaintiff, whereby there was an entire want of consideration as between the guarantor and the plaintiff. The seventh special plea was a plea of set-off.

The note sued on was offered in evidence, and attached thereto was a notary's certificate of protest, as follows:

"STATE OF ILLINOIS,
*County of Cook, City of Chicago.* } *ss.*

"Be it known, that on this ninth day of December, in the year of our Lord 1893, Isaac W. Brown, a notary public duly commissioned and sworn, and residing in the city of Chicago, in Cook county and State of Illinois, at the request of the Merchants' Loan and Trust Company, went with the original note which is above attached, to the office of Warren Ewen, Jr., in the city of Chicago, during ordinary business hours, and demanded payment thereon, which was refused. Whereupon I, the said notary, at the request aforesaid, did protest, and by these presents do solemnly protest as well against the maker of said note, the endorsers thereof, as all others whom it may or doth concern, for exchange, re-exchange, and all costs, charges, damages and interest already incurred by reason of the non-payment of the said note. And I, the said notary, do hereby certify that within forty-eight hours from the time of such protest, due notice thereof was put in the post-office at Chicago, as follows: Notice for Warren Ewen, Jr., Chicago, Ill.; for John M. Ewen, Chicago, Ill.; for A. G. Wilbor, Jr., Brookline, Mass., each of the above named places being the reputed places of residence of the person to whom this notice was directed.

"In testimony whereof I have hereunto set my hand and affixed my official seal, the day and year first above written.

I. W. BROWN, *Notary Public.*"

Issue was taken on the several pleas, and on trial before a jury in the circuit court of Cook county a verdict and judgment were entered for the sum of $1250 in favor of the plaintiff. A motion for a new trial was overruled, to which the defendant excepted, and an appeal was prosecuted to the Appellate Court for the First District, where that judgment was affirmed. From the judgment of the Appellate Court this appeal is prosecuted.

Numerous errors were assigned in the admission and exclusion of testimony and the giving and refusing of instructions.

GEORGE M. WILSON, and HENRY SCHOFIELD, for appellant.

CHARLES M. WALKER, CHARLES M. SHERMAN, and J. N. SWARTS, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

We will first consider the contention of appellant that a peremptory instruction should have been given by the trial court directing a verdict in his favor.

The record shows that after the evidence was all in and while counsel were discussing motions before the court, defendant's counsel stated that he desired to enter a motion for a verdict for the defendant, which motion the court denied. Counsel then insisted upon being heard upon the motion, but the court refused to hear arguments concerning it. Some other argument was indulged in, and then the defendant offered twelve instructions in a series, the third of which was: "Upon the evidence in this case your verdict must be for the defendant." This is the first offer of an instruction to find for the defendant so far as is shown by the record, and as we have frequently held, it was not in apt time, and was therefore properly refused. (*Peirce* v. *Walters,* 164 Ill. 560; *Chicago Great Western Railway Co.* v. *Mohan,* 187 id. 281; *West Chicago Street Railroad Co.* v. *Liderman,* id. 463.) Moreover, we have already passed upon that identical question in this case on a former appeal, (*Wilbor* v. *Ewen,* 183 Ill. 626,) in which we said (p. 632): "The Appellate Court, however, bases its judgment of reversal on the ground, as appears from the recitation found in its judgment, that the circuit court erred in refusing an instruction to find for the defendant. If the evidence introduced on the trial in the circuit court, with all proper inferences to be drawn therefrom, fairly tended to prove plaintiff's cause of action, the circuit court did not err in refusing to give the instructions to find for the defendant. Upon looking into the record, which is proper to be done in a

question of this character, it will be found there is ample evidence tending to prove the plaintiff's cause of action." The cause being again considered in the Appellate Court, it rendered its judgment affirming the judgment of the circuit court, and this appeal is prosecuted from that judgment. It is clear, then, so far as the facts are concerned or so far as the record was made up at the time the cause was considered by this court, it is now in the same condition as then, the record not having been returned at any time to the trial court, and there can be no reason for this court changing its views then expressed.

Complaint is made by appellant of instructions Nos. 1 and 2 given for appellee. Instruction No. 1 in substance told the jury that in a suit upon a note, if the defendant sets up a failure of consideration of the note, either in whole or in part, he must establish such failure by a preponderance of the evidence, and that the burden in proving any defense to the note is upon the defendant. The word "any" in this instruction appears to have been underscored. Instruction No. 2 told the jury that "by a preponderance of the evidence is meant the greater weight of the evidence." The complaint seems to be that there were other defenses than the failure of consideration, and that the word "any" must have been understood by the jury as synonymous with "every." It is not urged that the definition of the term "preponderance of the evidence" is wrong, and this court has held it correct. (*Schroeder* v. *Walsh*, 120 Ill. 403.) In fact, it is said that it states an abstract principle of law accurately, but that by the arrangement of the two instructions the court practically told the jury they must render the verdict they did. The action was upon a note, and pleas of failure of consideration were interposed. Instruction No. 1 spoke of no other pleas or defenses, and we do not think the jury were misled by the word "any" to believe that it referred to every other defense than those talked about in the instructions,

Appellant contends that the action was not upon the note, and that the burden was upon appellee. It is certain that the declaration contains two special counts in effect declaring upon the note. It also contained the consolidated common counts, but the special pleas all began by stating that the causes of action in the several counts are one and the same, to-wit, that stated in the first count, and the evidence all related to the special counts.

The position of appellant is, that as there was a contemporaneous written contract between Warren Ewen, Jr., the maker of the note in question, and appellee, and which is set out in the statement in this case, and which referred to the note in question, and which was specially pleaded by appellee, it therefore follows the suit is upon both the written contract and the note. We do not think so. In our view, the suit was "an action on a note," within section 9 of chapter 98, (2 Starr & Cur. Stat. p. 2802,) notwithstanding the contemporaneous agreement, and none the less so because of the fact that the suit is against the guarantor and not against the maker of the note. The note was a commercial instrument, governed by the rules of practice relating to such instruments. It was complete in itself, and there cannot be the slightest question but had default been made a judgment upon the note would have stood any test to which it could have been subjected. The special contract was a matter of special defense interposed by the appellant, and while it might be that, being a contemporaneous agreement, it should be considered together with the note when offered in evidence and the final consideration of the case being at hand, we think it cannot be said that the suit was upon anything except the note. The execution of the note was not put in issue in any way. When it was admitted in evidence it made a *prima facie* case for the plaintiff. The fact that appellee had set up special defenses did not prevent its having that effect. (*Boudinot* v. *Winter*,

190 Ill. 394; *Stocks* v. *Scott*, 188 id. 266; *Miller* v. *Balthasser*, 78 id. 302.) The defenses set up by the special pleas were affirmative defenses, and they were the only defenses which any of the evidence tended to prove. The burden of those special defenses was upon appellant, and the court so properly told the jury.

The note had been protested, and when it was offered the plaintiff also offered the notary's certificate of protest. When this was offered appellant's counsel said: "I object to the protest. The suit is not against Warren Ewen, the maker of the note, but it is against the guarantor, and the protest is not competent evidence." The protest was attached to the note and the note was offered in evidence without objection. It is now sought to raise the question that the protest could only be proved by a certified copy of the record required by the statute to be kept by notaries in such matters. That is not the question that was presented to the trial court. The distinction between the objection to evidence because of its competency and because of its sufficiency is well defined. Had the objection now insisted upon been urged at the trial, appellee could doubtless have had the notary make the certificate it is now said was necessary, (*Herrick* v. *Baldwin,* 17 Minn. 209,) and to allow appellant to urge one objection upon the trial and another in this court would be to place appellee at an unfair advantage. The objection that the certificate of protest related to matter between other parties than those to the suit, and therefore incompetent, which was the one urged, is not within the contention that the certificate was insufficient. Appellant having urged the single and specific objection, thereby waived all other objections. *Garrick* v. *Chamberlain,* 97 Ill. 620; *Walcott* v. *Gibbs,* id. 118; *Newell* v. *Woolfolk,* 91 Hun, 211; *Lallman* v. *Hovey,* 92 id. 419.

It is further insisted that the note in question, being an inland bill, was not the subject of protest; that by the law merchant only foreign bills could be protested.

This court is committed to the view that the statute in
relation to the duties of a notary public has changed the
common law in this particular, and that inland bills are
now the subject of protest. *Montelius* v. *Charles*, 76 Ill. 303.

Appellant offered instructions 4, 5, 6 and 7. By the
fourth instruction the court was asked to hold that ap-
pellee could not maintain his suit unless demand for pay-
ment had been made on Warren Ewen, Jr., the maker, and
that there was no evidence of such demand, and appel-
lee could not recover. By the fifth instruction the court
was asked to hold that appellee could not recover unless
prior to the suit he had demanded of Warren Ewen, Jr.,
the special deposit of $1250 mentioned in the contract of
November 15, 1892, and that there was no evidence of such
demand. The sixth instruction stated that the appellant
was sued as guarantor, and his liability must be found
in the strict letter and precise terms of the contract and
cannot be extended by construction or implication. The
seventh instruction was predicated on the sixth, and
stated that the note sued on is payable on demand after
six months from its date, and that appellant is not liable
unless such demand was made upon Warren Ewen, Jr.,
the maker, and that suit against appellant was no evi-
dence of a demand against the maker. These instruc-
tions were refused, and the jury were instructed that "a
demand on the note in evidence is a sufficient demand by
the plaintiff for a return of the deposit under the con-
tract." It was the duty of the court to refuse the fourth
and fifth instructions offered, for the reason that the
certificate of protest, which strongly tended to show a
demand on Warren Ewen, Jr., the maker, and notice to
appellant thereof, and his default, was in evidence. The
sufficiency of that evidence was a question for the jury
in the first instance, and as it found for appellee under
a proper instruction on that point, and that judgment
was affirmed by the Appellate Court, the question of the
sufficiency of the evidence in that regard is not open for

our consideration. The sixth and seventh instructions might properly have been given, but we do not think, under the whole record, the result could have been different had they been given, and their refusal was not reversible error.

Appellant urges that a demand on the note was not a sufficient demand, and urges that there was no personal demand made on Warren Ewen, Jr., on the note, and that a demand at the place and time of payment that would be sufficient under the law merchant, as applied to commercial paper, was not enough to fix the liability of appellant, which, he says, was controlled by the written agreement of November 15, 1892, between appellee and Warren Ewen, Jr. Whether personal demand for the payment of the note was made on Warren Ewen, Jr., was a question of fact, and we think there was evidence tending to show such demand, and the findings of the jury and the Appellate Court settled that question so far as this court is concerned. It is our opinion that a demand for the payment of the $1250 note, made upon Warren Ewen, Jr., and his failure or refusal to pay, was a sufficient demand, as the parties by the written agreement expressly stipulated that the note for the payment of the $1250 should be given and that appellant should guarantee its payment, which was done. We cannot accept the view that appellant's liability is dependent entirely upon the provisions of the written agreement, or that his guaranty is simply a guaranty of his brother's obligations to appellee as the same are expressed in said agreement. To so hold would be to disregard the note entirely and create a contract for the parties that they never entered into. Neither can we accept appellant's theory that the note is to be construed as a collateral security for the performance by his brother of the promises set forth in said agreement to return the special deposit in controversy when demanded. We hold that said note, instead of being intended to be subsidiary or col-

lateral to the special agreement, was, in fact, a step in the direction of carrying out one of its provisions, and that the execution of said note operated to extinguish and render nugatory all that portion of the said written agreement providing for the return of said deposit upon demand by appellee. This view disposes of appellant's third and fourth special pleas.

Appellant by his fifth special plea set up that appellee had $3000 in his hands which he owed Warren Ewen, Jr., and which he should have applied on the debt secured by the note sued°on, and for the purpose of fraudulently collecting the amount of the note in question from appellant, appellee and said Warren Ewen, Jr., fraudulently entered into an agreement without consideration and for the fraudulent purpose aforesaid, by which said Warren Ewen, Jr., who was insolvent, released appellee from the payment thereof, to the injury of appellant, as surety. Issue was joined on this plea, and to support it appellant offered in evidence other written contracts made prior to the contract of November 15, 1892, by which the parties undertook to work and extend the use of the process of Warren Ewen, Jr., in other fields and in a different manner from the provisions of the contract of November 15, 1892, and in no way relating to it, and then showed by Warren Ewen., Jr., who is appellant's brother, that he released appellee from certain liabilities under those contracts. The transactions to which that settlement related were in no part the contract of November 15, 1892, and the allegation that appellee had the right to apply or hold the moneys owing to Warren Ewen, Jr., by appellee, if any, on the payment of or as security for the special deposit or note sued on, was the mere conclusion of the pleader. The record shows that at the time the release was made the note in suit was not only not due, but by the express terms of the contract of November 15, 1892, it was dischargeable by means other than the payment of money, at the option of the defendant,

Warren Ewen. In the light of these facts appellee not only had no right to apply the money he may have owed appellant's brother to the discharge of this note, but he would have violated a positive legal duty by doing so. To have given appellant the benefit of his plea he must have shown, or offered to show, that the demand released was for money that, as between appellee and himself, appellee had a right to apply, and as to appellant it was his duty to apply, upon the note in question. This the evidence did not even tend to establish. In our opinion appellee's alleged liability to Warren Ewen for material, etc., under the contracts of July and September, 1892, was not a "security," within the doctrine of subrogation, and that appellant's remedy on this branch of the case, if he has a remedy, is a proceeding in equity in the nature of a creditor's bill.

Appellant, by his seventh plea, pleaded a set-off of moneys due from appellee to Warren Ewen, Jr., alleged by appellant to have been assigned to him on September 1, 1893, by said Warren Ewen, Jr., and to support that plea relied in part on the same evidence offered under the fifth plea and other evidence offered, among which was a written assignment from Warren Ewen, Jr., dated September 1, 1893. Appellee's counsel asked leave to inquire about the paper offered, when the witness Warren Ewen, Jr., said the assignment was made on the day of the trial. This writing, upon objection, the court excluded from the evidence. Appellant offered no witness except Warren Ewen, Jr., who testified that the real consideration for the execution by him of the release of August 30, 1893, was a parol promise by appellee to bear one-half the expenses incurred and to be incurred by him in trying to get the government to adopt his patent process. This claim is the foundation of appellant's set-off. The written assignment having been made after the suit was brought, and on the day of the trial, was inadmissible as evidence proving a sale of the account, as

the claim sought to be set off must have been held by appellant at the time the suit was brought. ·(*Pettis* v. *Westlake*, 3 Scam. 535.) That ·was the only evidence offered of the assignment óf the debt, or tending to show that said plea of set-off had been filed by appellant with the knowledge and consent of Warren Ewen, the maker of the note sued on.

But waiving this point, all the evidence touching this set-off might have been properly excluded had the court been requested to do so. It is fundamental that unliquidated damages arising out of contracts, or covenants disconnected from the subject matter of the plaintiff's claim, are not such claims or demands as constitute the subject matter of set-off, under the statute. (*Hawks* v. *Lands*, 3 Gilm. 227; *Sargeant* v. *Kellogg*, 5 id. 273.) The set-off claimed in this case was for alleged moneys expended by Warren Ewen, Jr., under and upon ·an entirely distinct contract from that under which the note was given and in no way related to it, upon a common project between appellee and said Warren Ewen, Jr., in which the latter claims appellee was to bear half the expense, and in which he testifies there was never any accounting or settlement or agreement as to the amount expended or the amount to be paid by the appellee. Had the suit been against Warren Ewen, Jr., directly, and not against the appellant, the plea of set-off should have failed.

Errors are assigned upon the action of the court below in excluding certain testimony of the witness Warren Ewen, offered in support of his plea of no consideration, being the first, second and sixth special pleas. We have examined the record on this point, and are of the opinion that appellant was in no way prejudiced in the presentation of his defense of no consideration by the action of the court in this regard.

All that we said in our former opinion as to the irregular manner in which the case was argued by counsel for appellant was fully justified by the facts, and the

petition for rehearing cannot be regarded in any other
light than as a re-argument of the case in violation of
our rules. We have, however, re-examined the questions
involved, and are satisfied with our former conclusion
that the judgment of the Appellate Court should be af-
firmed.                                    *Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.