# First National Bank of Hayward, Wisconsin, Appellee, v. W. E. Gerry and A. R. Krum, Appellants.

## Gen. No. 20,971.

1. CONTINUANCE, § 7*—*when ground alleged insufficient.* In an action on a promissory note, the copy of the instrument attached to plaintiff's pleadings showed an indorsement as stricken out. Defendant's plea alleged, *inter alia*, that the indorser in question was the owner of the note and plaintiff was merely the agent and trustee of defendant. The note, when offered in evidence, showed that the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

indorsement had not been stricken out. Defendant moved for a continuance on the ground of surprise, which motion was overruled. *Held,* that the denial of the motion was not error.

2. PLEADING, § 253*—*when amendment after verdict properly allowed.* In an action on a promissory note, where a copy of the note attached to plaintiff's pleadings showed an indorsement as having been stricken out, and there was no averment of an indorsement, but the note when offered in evidence showed no indorsement stricken out as shown by such copy, whereupon defendant objected to the admission of the note on the ground of variance, an amendment showing that the note had been indorsed, delivered and protested, *held* properly allowed after verdict.

3. APPEAL AND ERROR, § 550*—*when objection limited to specific grounds.* The statement of one or more specific grounds of objection to evidence is a waiver of all other such grounds, for the reason that such an objection is limited to the grounds specified and excludes others not specified.

4. APPEAL AND ERROR, § 508*—*when objection to admission of evidence properly overruled.* It is not error to overrule an objection to evidence made on several grounds where one of the grounds specified is untenable, for the reason that the court is not bound to separate that part of an objection which is tenable from that which is untenable.

5. EVIDENCE, § 138*—*when notice to produce notice not essential.* The contents of a notice served by one party upon another may be proved without first giving notice to produce the original, especially where the evidence shows that the giving of such notice to produce would be useless.

6. BILLS AND NOTES, § 289*—*when evidence of service of notice of protest by mail sufficient.* In an action against an indorser of a promissory note, an objection to evidence of notice of protest sent to defendant *held* properly overruled, although no demand was first made on defendant to produce the original and although there was evidence that defendant did not receive the notice, where it further appeared that the notice offered in evidence was sent by mail addressed to defendant at a place where he had been in business for ten years prior to the commencement of the action.

7. PLEADING, § 152*—*when affidavit of merits necessary.* In an action against the maker and one indorser of a promissory note where defendants make joint pleas and file a sufficient affidavit of merits therewith, but where such indorser alone files a further plea without filing an affidavit of merits therewith, an order striking such separate plea *held* not erroneous where the affidavit filed with the joint pleas does not specify the nature of the defense set up by the special plea,

First Nat. Bank of Hayward, Wis., v. Gerry et al., 195 Ill. App. 513.

as in such case there is no compliance with the requirement of Hurd's Rev. St., ch. 110, sec. 55 (J. & A. ¶ 8592), requiring that the affidavit of merits shall specify the nature of the defense.

8. APPEAL AND ERROR, § 384*—*when objection to curable defect waived.* An objection to an order striking a separate plea filed by a defendant on the ground that plaintiff's affidavit of claim is defective is unavailable on review, where at the time the order was entered striking such plea the attention of the trial court was not directed to such alleged defect in the affidavit, especially where such defect could have been readily cured if seasonably objected to.

9. TRIAL, § 194*—*when direction of verdict proper where different verdict would be set aside.* It is not error to refuse a peremptory instruction in favor of both defendants in an action against the maker and one indorser of a promissory note where one defendant has no defense to the action.

10. PLEADING, § 28*—*when competency of evidence not affected by failure to set out in declaration.* In an action on a promissory note where plaintiff is indorsee for value, the draft with which plaintiff purchased the note sued on is competent, although not set out in the declaration.

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed December 8, 1915. *Certiorari* denied by Supreme Court (making opinion final).

LYMAN M. PAINE, for appellants.

HUGH O'NEILL, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

This is an appeal from a judgment rendered on a promissory note in favor of appellee, hereinafter called the plaintiff, and against appellants, hereinafter called the defendants. The note was for $4,000, dated December 10, 1911, and payable one year after date to the order of the Western Casket & Undertaking Company, at 5 East Randolph street, Chicago, with interest at six per cent. The defendant Gerry was the maker of the note, and before its delivery to the payee, it was indorsed by the defendant Krum. Following this,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

it was also indorsed by the payee and by the Western Casket, Company. Plaintiff purchased the note from the Hibernian Banking Association November 1, 1911, paying the face value and accrued interest therefor. The declaration consisted of one special count and the common counts. The special count, in the usual form, alleged that after the note was made it was indorsed by the defendant Krum and delivered to the Western Casket & Undertaking Company, and thereafter delivered to the Hibernian Banking Association, and then to the plaintiff. There was no averment that the Casket Company had indorsed the note. Said count further averred that the note, when it became due, was presented to the two defendants at 5 East Randolph street for payment; that payment was refused. Attached to the declaration was a copy of the note, on which the indorsements of the Western Casket & Undertaking Company and the Western Casket Company were stricken out in red ink. There was an affidavit of claim attached to the declaration. Both defendants filed the general issue and three special pleas. The first special plea averred that the plaintiff was not a bona fide holder, having taken the note with notice and knowledge that there was no consideration. The second was substantially the same, but averred in addition that the note was owned by the Western Casket & Undertaking Company, and held by the plaintiff merely as agent and trustee. The third was substantially the same as the first, and in addition averred that the note was only accommodation paper, and that the Western Casket & Undertaking Company had paid it. The fifth plea, a separate one on behalf of Krum, averred that no notice of dishonor of payment had been given to him, and further that the note had not been presented for payment to him. Attached to these pleas was an affidavit of merits by Gerry, stating that the defendants had a good defense upon the merits to the whole of the demand; that the nature

of the defense was that there was no consideration;
that the note was an accommodation one; and that the
plaintiff was not a bona fide holder, but merely an
agent of the payee.  This was dated January 13, 1912.
Issue was joined on all of the pleas except the special
plea of Krum, which, on February 1, 1913, was stricken
from the files for failure to file an affidavit of merits,
as required by section 55, ch. 110, Rev. St. (J. & A.
¶ 8592), to which order defendant Krum excepted.

On April 13, 1914, the case came on for trial before
a judge and a jury.  The note was offered in evidence,
and it appeared that none of the indorsements had
been stricken out, as shown by the copy attached to
the declaration.  Counsel for the defendants objected
on the ground that there was a variance between the
said copy and the note offered, and also between the
allegations of the declaration and the note.  The
objection was overruled.  The defendants then moved
for a continuance on the ground of surprise, which the
court overruled.  After verdict, the court permitted an
amendment to the declaration showing that the note
had been indorsed, delivered and protested.  The
defendants excepted.  They now argue that the court
committed error in not granting a continuance.  In
this contention we cannot concur, for it is apparent
that under the pleas on file by the defendants, they
could not have been surprised by the amendment
allowed by the law.  Our statutes permitting amend-
ments are very liberal, the purpose being that cases
should be decided on their merits.  Section 1, ch. 7,
(J. & A. ¶ 300) and section 39, ch. 110, Rev. St. (J. & A.
¶ 8576).  We hold that the court committed no error in
allowing the amendment.

On the trial, the plaintiff offered a notice of protest
by a notary public, which stated that the notary, at
the request of the Continental & Commercial National
Bank, went with the original instrument, a copy of
which was attached to the protest, to the office of

Gerry, at 5 East Randolph street, and demanded payment; that Gerry was not there, and no instructions were left with anyone to pay the note. The protest further recites the mailing of notices to all of the parties, including the defendants Gerry and Krum, Krum's being mailed in care of the First National Bank. Mr. Rohlf, the president of the plaintiff bank, testified that he had received the protest above mentioned from the Continental & Commercial National Bank of Chicago. When this notice of protest was offered, the defendants objected "because it does not describe the note in controversy, and does not describe the residences of defendants nor their usual places of business. I also object because it is irrelevant, incompetent and immaterial and because it is not set up in the declaration and does not tend to prove any of the issues in the case."

In this court, counsel argues that the statute making it the duty of notaries to protest negotiable instruments was repealed in 1907; that the law does not authorize a notary to serve a notice of dishonor any differently than if the same were served by any other person; and that the notary's certificate of protest is not evidence of that fact in relation to inland bills.

It clearly appears from the objections above quoted that none of the objections which he now urges was called to the attention of the trial judge. It is a rule of universal application that an objection is limited to the grounds specified, and does not cover others not specified. *Millers' Nat. Ins. Co. v. Jackson County Milling Co.*, 60 Ill. App. 224; *Hess v. Ferris*, 57 Ill. App. 37. The statement of one or more specific grounds of objection to the introduction of evidence is a waiver of all other grounds of objection. *Ewen v. Wilbor*, 208 Ill. 492; *Garrick v. Chamberlain*, 97 Ill. 620. In the *Ewen* case, *supra*, the court said (p. 502):

"The note had been protested, and when it was offered the plaintiff also offered the notary's certificate

of protest. When this was offered appellant's counsel said: 'I object to the protest. The suit is not against Warren Ewen, the maker of the note, but it is against the guarantor, and the protest is not competent evidence.' The protest was attached to the note and the note was offered in evidence without objection. It is now sought to raise the question that the protest could only be proved by a certified copy of the record required by the statute to be kept by notaries in such matters. That is not the question that was presented to the trial court. The distinction between the objection to evidence because of its competency and because of its sufficiency is well defined. Had the objection now insisted upon been urged at the trial, appellee could doubtless have had the notary make the certificate it is now said was necessary. (*Herrick v. Baldwin,* 17 Minn. 209), and to allow appellant to urge one objection upon the trial and another in this court would be to place appellee at an unfair advantage. The objection that the certificate of protest related to matter between other parties than those to the suit, and therefore incompetent, which was the one urged, is not within the contention that the certificate was insufficient. Appellant having urged the single and specific objection, thereby waived all other objections. *Garrick v. Chamberlain,* 97 Ill. 620; *Walcott v. Gibbs,* id. 118; *Newell v. Woolfolk,* 91 Hun 211; *Lallman v. Hovey,* 92 id. 419.''

In the case of *Coffen Coal & Copper Co. v. Barry,* 56 Ill. App. 587, a general objection was made to the introduction of evidence, the precise point not being called to the attention of the court. Mr. Justice Boggs, in delivering the opinion of the court, said (p. 590):

''Had proper objection been made so that the court and counsel could have known the ground thereof, no doubt such action would have been taken as to have removed all just cause of complaint. It is not permissible to so frame an objection that it will serve to save an exception for the action of a court of review and yet conceal the real complaint from the trial court.''

520    APPELLATE COURTS OF ILLINOIS.

First Nat. Bank of Hayward, Wis., v. Gerry et al., 195 Ill. App. 513.

As has been stated, several objections were urged to the introduction of the document, one being that it did not describe the note. This objection was clearly erroneous, as the note, with all indorsements, was set out in full.

"If an objection is double, and one of the grounds assigned is untenable, error cannot be assigned to the overruling of the objection. No duty rests on the court to separate that part of the objection which is tenable from that which is not." 38 Cyc. 1390; *Campbell v. Hughes*, 155 Ala. 591.

If the objections now urged had been made on the trial, they could have been readily obviated by calling the notary. The defendants having specified the grounds of their objection, cannot now be heard to urge other and different grounds.

Similar evidence was held competent in the case of *Commonwealth v. King*, 150 Mass. 221. That was an indictment against King for running a steamboat without a license. To prove the location of the place in question, a map of the State of Massachusetts was introduced in evidence, over the objection of the defendant. The court said:

"If this was a map of the towns and counties of the Commonwealth published by authority of the Legislature, * * * it was some evidence. * * * The objection taken in argument is that the map was allowed to prove itself, and that it was not shown to have been published by legislative authority. Whether this was a genuine map * * * as it purported to be, was a preliminary fact, of which, if disputed, some evidence must have been exhibited to the court before the map could be admitted in evidence; but it does not appear that this fact was disputed, or that the objection to the admission of the map was taken on this ground. If such an objection had been taken, the government might, perhaps, have been able to furnish evidence that the map was what it purported to be." See, also, 2 Jones on Evidence (Horwitz Ed.) sec. 297, and 5 Jones on Evidence (Horwitz Ed.) sec. 893.

Counsel also complains of the admission of a notice sent by the plaintiff to the defendant Krum, advising him that the note had not been paid. The witness testified that he had received through the mail from the Continental & Commercial National Bank, inclosed with the notice of protest above mentioned, three copies of the same, and that he mailed one of them to the defendant Krum, 217 South Western Avenue, Chicago, Illinois. It was objected that this was not the best evidence. The objection was overruled, and the witness testified that he sent this notice of protest to the defendant Krum. Defendant complains that as no notice had been served on him to produce the original, secondary evidence was not admissible. Defendant Krum testified that he never received the notice, so it is apparent that if the case were reversed on this ground, the serving of the notice would be a useless thing. Furthermore, a party may prove the contents of a notice served upon the opposite party without first giving notice to produce the original. *Brown v. Booth,* 66 Ill. 419; *Prairie State Loan & Building Ass'n v. Gorrie,* 64 Ill. App. 325; *Eagle Bank v. Chapin,* 3 Pick. (Mass.) 180. In the *Chapin* case, *supra,* it was held that the contents of a written notice to an indorser of a promissory note may be proved by parole, without first giving notice to produce such writing. Defendant Krum further contends that his address is 215 South Western avenue, while the notice was mailed to 217 South Western avenue. A witness testified on behalf of the plaintiff that he had examined the records in the map department of the city hall of Chicago, and that the place of business of Krum was known as 215-217 South Western avenue. The defendant Krum, on cross-examination, testified that he had been in business at 215 South Western avenue for nearly ten years, as president and treasurer of a factory. He described the building and surroundings, and under the facts we have no doubt that the mail-

ing of the notice to the address as stated was sufficient.

Defendant Krum also contends that the court erred in striking his separate plea from the files: First, because it was in compliance with section 55 of the Practice Act (J. & A. ¶ 8592); and second, no affidavit was required for the reason that the affidavit of plaintiff's claim purported to be made before a notary public in Wisconsin, and that the court will not presume that such a notary has authority to administer oaths, in the absence of a certificate by said notary, or some showing to that effect. If an affidavit of merits was required, the one filed was not in compliance with section 55, *supra*. The plea averred that no notice of dishonor by nonpayment of the note was given to him, and that the note was never presented for payment. The affidavit stated that the note was given without consideration, and that the plaintiff was not a bona fide holder. The statute requires that the affidavit shall specify the nature of the defense. This the defendants did, as to all pleas, except the separate plea of Krum. The affidavit was clearly insufficient.

When the defendants filed the affidavit of merits, which was good except as to the last plea, they did so on the theory that the affidavit of plaintiff's claim was sufficient, and when the court struck the special plea filed by defendant Krum from the record, no point was made that the affidavit attached to plaintiff's claim was made before a foreign notary. If such complaint had been made, it could have been readily cured. The order striking the plea from the files was made February 1, 1913. The case was not called for trial for more than a year afterwards. At no time was the court's attention called to any insufficiency in the affidavit attached to plaintiff's claim. It appears to have been first raised in this court. Where a party takes a position in the trial court, he cannot, after being defeated, shift his position in a court of review. Especially is this true where the defect could have

First Nat. Bank of Hayward, Wis., v. Gerry et al., 195 Ill. App. 513.

been easily cured.  Courts of review are instituted for the purpose of correcting errors committed by the trial courts, and as the point was not called to the court's attention, it cannot now be made.  The defendant Gerry testified that he signed the note, as did likewise the defendant Krum, and it was practically conceded on the oral argument that Gerry had no defense.  No testimony was offered to sustain the second, third and fourth pleas, which averred that there was no consideration; that the plaintiff was not a bona fide holder, and that the note had been paid.

Complaint is made as to the giving of certain instructions at the instance of the plaintiff, and also the refusal of the court to give a peremptory instruction for both defendants.  Counsel concedes that the record shows no defense as to Gerry.  Manifestly, there was no error in refusing the peremptory instruction, as under the evidence no verdict could stand, except one for the plaintiff.  It is unnecessary to discuss this contention further.

Counsel objects to the introduction of the draft in evidence, because it was not declared on in the declaration.  This suit was on a note.  The defendants' plea averred that no consideration was given.  Plaintiff introduced the draft with which he purchased the note.  It is elementary that the evidence need not be set out in the declaration.

We have carefully considered all the other reasons assigned as error, and hold them to be without merit.

There being no substantial error in the record, the judgment of the Circuit Court will be affirmed.

*Affirmed.*