# William M. Hinton, Appellee, v. Mary H. Tyler, Appellant, Perley E. Wiggins, Co=Appellant. Two Cases Consolidated.

1. VARIANCE—*when will not reverse.* A variance which is not material will not reverse.

2. TENDER—*when not essential.* An actual tender is not essential to equitable relief if the party offers to do equity in his bill.

3. DECREE—*when findings of fact not essential.* If the answer admit the allegations the decree need not find the facts.

Appeal from the Circuit Court of Vermilion county; the Hon. W. B. SCHOLFIELD, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed October 14, 1911.

REARICK & MEEKS, for appellant, PERLEY E. WIGGINS.

RAY & DOBBINS and CLARK & HUTTON, for appellee.

*Per Curiam.* It appears from the records that there were originally two cases pending in the circuit court of Vermilion county, with respect to the same transaction and the same subject-matter; and that they have become consolidated or so merged that one opinion and judgment will properly dispose of the whole controversy. The details with respect to the consolidation or merger of the two cases are of no consequence here.

Minerva H. Hinton, wife of appellee, was originally a co-complainant, but she having died and her interest having thereby terminated, she was dismissed out of the bill. Henry M. Tyler, husband of appellant, Mary H. Tyler, was originally a party defendant, and his death having been suggested, the bill was dismissed as to him. The parties to the litigation as it now stands are: William M. Hinton, the appellee, and Mary H. Tyler and Perley E. Wiggins, the appellants.

The bill sets up at length and in detail the purchase of certain real estate, viz: The north half of the southeast quarter of section thirty-five, township seventeen north, range fourteen west of the second principal meridian, in Vermilion county, Illinois, by appellant Wiggins, from appellee, Hinton, and at length and in detail charges falsehood, fraud and deceit on the part of Wiggins with respect to the payment of the purchase price of the land. With respect to appellant, Mary H. Tyler, the bill charges that Wiggins contracted a sale of the land to her, after he had obtained a deed from appellee; that she had only paid a small part of the purchase price to Wiggins and then owed him a large part thereof, not represented by any note. The bill concludes with a general averment that by means of said fraudulent transactions, Hinton, appellee, was cheated and defrauded of a large part of the purchase price of said land and ought to have a vendor's lien, and prays that Wiggins may be decreed to pay said sum within a short day, and in case of his failure to do so, that Tyler be decreed to pay the same from the balance of the purchase price due from her to Wiggins, etc., and for general relief.

To the bill appellant, Wiggins, filed answer in which he denies all the charges of fraud made in the bill, and appellant, Mary H. Tyler, filed an answer in which she sets out that she is an innocent purchaser without notice. See further reference to her answer, *infra*. Upon general replications being filed the cause was

referred to a special master, who took and considered the evidence and presented his report to the court. The special master's report, so far as it is involved in this appeal is as follows:

"I would further report the following finding:

"1. That prior to the 26th day of May, 1906, William Hinton was the owner of the north half (½) of the southeast quarter (¼) of section thirty-five (35), township seventeen (17) north, range fourteen (14) west of the 2d P. M. in Vermilion county, Illinois, and occupied the same as a homestead, and on that day entered into a contract to sell the same to Perley E. Wiggins, one of the defendants herein.

"2. That said contract provided that as part payment for the land, Hinton would take a note made by F. W. Sickel, payable to P. E. Wiggins, for $3,383.71, with accrued interest, endorsed by P. E. Wiggins. That in reducing the contract to writing, the words 'without recourse on me,' were put into said contract without the knowledge of said Hinton.

"3. That Hinton is a man of meagre education and failing faculties, unused to trading, and at the time said trade was closed, was, by the representations of Wiggins, persuaded to take said note endorsed without recourse, as part payment for his farm.

"4. That the note was a renewal note given to Wiggins by Sickel in payment of another note, and interest long past due, which Sickel was unable to pay, and that at no time since the making of the first note by Sickel has he been able to pay either of said notes, and that Wiggins was well aware of this fact when he traded said note to Hinton.

"5. That sometime previous to the trade between Wiggins and Hinton, Wiggins had endorsed the note without recourse, and attempted to have it traded to another party, one of the witnesses whose deposition was taken at Homer, and at the time of trading it to Hinton the same endorsement was on the note.

"6. That Wiggins and Sickel have had dealings covering a period of fifteen years prior to the time of the trade between Wiggins and Hinton, and Wiggins well knew the inability of Sickel to pay the note in controversy when it would come due.

"7. That the complainant, William Hinton was induced to enter into and execute said contract of sale, and accept the note in controversy indorsed without recourse as part payment for his farm, by the representations of Wiggins that Sickel was a man of property, and able and willing to pay said note when it became due: that such representations were false; that Wiggins knew them to be false, and that they were made for the purpose of deceiving Hinton; that Hinton relied on such representations, and was deceived and injured thereby.

"8. That the complainant is entitled to recover the sum of the note and interest retained by Wiggins from the purchase price of said farm, viz: $3,503.06, with interest at the rate of five per cent. per annum from the date of closing the trade to the date of the decree herein.

"I am of the opinion that the equities are with the complainant and that the representations and actions of the defendant Wiggins in connection with the trade contained all the elements of fraud, and that the prayer of the bill herein ought to be granted.

"I therefore recommend that a decree be entered in accordance with the prayer of the bill, and the foregoing findings."

Objections and exceptions were filed by appellants to the master's report. The objections were argued before the master and by him overruled. The exceptions were argued before the court and overruled, and the court entered a decree in accordance with the prayer of the bill. The decree as abstracted by counsel for appellant is as follows:

"Decree filed November 9, 1910, shows dismissal of

suit as to Henry M. Tyler, that cause was heard upon exceptions by defendants, Perley E. Wiggins and Mary H. Tyler to Master's Report, and finds that the court had jurisdiction of the parties and of the subject matters, and that the equities are with the complainant, and that he is entitled to the relief prayed, and that defendant Wiggins was guilty of fraud, as found by the Special Master in his findings.

"It was therefore ordered that the exceptions of each of said defendants be overruled, and the findings of the Master are approved and confirmed, and that defendant Perley E. Wiggins pay to complainant William M. Hinton within ninety days from the rendition of this decree, $3,503.06, with interest at 5 per cent per annum, from May 26, 1906, and that complainant have a lien upon the interest of Mary H. Tyler in the land traded by complainant to said Wiggins, and by said Wiggins to Henry M. Tyler and Mary H. Tyler, being the north half of the southeast quarter of section 35, in township 17 north, range 14 west, in Vermilion county, Illinois, and that execution issue against the defendant Perley E. Wiggins, and if said moneys are not paid by or collected from said Wiggins, that then said Mary H. Tyler pay the same within four months from the rendition of the decree, or that her interest in said lands and premises be sold to satisfy the amount due under the terms of this decree."

On behalf of appellant, Wiggins, counsel say: "The contentions of this appellant are, briefly, that the competent evidence is insufficient to sustain the decree, and that the allegations of the bill and the evidence and the decree do not correspond, and that the findings of the master and the decree of the court are based upon any sufficient pleadings and proofs."

The testimony of certain of the witnesses on behalf of appellee was taken by deposition upon notice. Counsel for appellants were present and cross-examined these witnesses, and afterwards moved the court to suppress the depositions. The court denied the motion,

and counsel insist that in this the court erred, and that these depositions should now be excluded from consideration by this court. No reasons are pointed out, and none appear in the record to support a motion to suppress these depositions.

We have read and considered the evidence with due care, and are of opinion that it fully supports and warrants each and all the findings of fact reported by the master.

It is contended that there is a variance between the averments in the bill and the proofs with respect to some of the terms of the contract between appellee and appellant, Wiggins, for the sale of the land. In some respects that appears to be true, but they are wholly immaterial variances and do not pertain to the vital and controlling question of the specific fraud and deceit upon which the bill is based and the relief is prayed. The *gravamen* of the charge in the bill is fraud and deceit in inducing appellee to accept a worthless note in part payment for his land, and in deceiving him in the character of the endorsement placed upon the note. These averments are proved as charged, and the inducement or surrounding circumstances are proven with sufficient fullness to clearly identify the time, place and transaction set out in the bill.

Counsel further insist that there was no offer on the part of appellee, to return the note. No offer to return the note was necessary before the commencement of the suit. There is a sufficient offer or tender in the bill in the averment that appellee "was ready and willing and therein offered to surrender the note." An actual tender is not essential to equitable relief where the party offers to do equity in his bill.

The foregoing, we think, fairly disposes of the whole case as to appellant, Wiggins, and as to both appellants, except with respect to one contention on behalf of appellant, Mary H. Tyler.

Counsel say there is no finding of fact in the master's report upon which a decree can be based against her, that her name is not even mentioned in the master's findings of facts. That appears to be true, but there was no material question of fact in dispute between appellee and her. All that appellee avers in his bill with respect to appellant, Mary H. Tyler, is the following:

"That said Mary H. Tyler, together with her husband, Henry M. Tyler, purchased the said lands in October, 1906, of the defendant Wiggins, and that the said Mary H. Tyler, together with her husband, owned said land, so far as they have any rights thereunder, by purchase from Wiggins, and that the said Mary H. Tyler, together with her husband, Henry M. Tyler, are still owing to said Wiggins $12,000 of the purchase price of said lands, the said Mary H. Tyler claiming to have purchased one-half of the said lands, and owing one-half of the said $12,000 and the said Henry M. Tyler claiming to have purchased the other half of the said lands and owing one-half of said $12,000."

In her answer on page 33 and 34 of the record, appellant Mary H. Tyler, says:

"And further answering, this defendant says that on the 29th day of October, A. D. 1906, before the commencement of this suit, the defendant, Perley E. Wiggins, was the owner in fee simple by deed duly recorded in the office of the recorder of deeds of said Vermilion County, of the real estate described in the bill of complaint, and was then and there in the possession thereof, by his tenants; and that this defendant, together with one Henry M. Tyler, the husband of said defendant, then and there, on the day and year last aforesaid entered into a written contract with said defendant Perley E. Wiggins, in and by which they purchased from said defendant, said real estate, for an agreed consideration of thirteen thousand dollars ($13,000.00), and then and there paid to said Wiggins the sum of one thousand dollars, and then and there agreed to pay, on, to-wit: February 28th, A. D. 1907, a

balance of twelve thousand dollars ($12,000.00); and that in and by said contract, this defendant acquired the right in equity to have the undivided one-half of said real estate in fee simple.''

Where a fact is admitted in the pleadings there is no call for proof of it by evidence.    Her answer admits all that is charged in the bill.    It is neither charged nor claimed that she did not acquire equitable title to the land.    The claim is, that under all the facts in this case she ought to be required as against Wiggins, to pay a part of what she owes him for the land to be applied on what he owes his vendor, for it.    This takes nothing from her but only places the money still due on the land, where under the particular facts of this case it in equity and good conscience should go.

We find no material error in this record.    The decree of the circuit court is affirmed.

*Affirmed.*