Paul Strey and Irma Strey, Appellants, v. Conrad Buehl and Martha Buehl, Appellees.

Gen. No. 35,389.

Heard in the third division of this court for the first district at the October term, 1931. Opinion filed March 16, 1932.

JOHN E. VAN NATTA, for appellants.

HUSS & REHM, for appellees.

MR. JUSTICE WILSON delivered the opinion of the court.

Complainants filed their bill in chancery praying that the defendants be enjoined from declaring a for-

feiture upon a real estate contract and from prosecuting a suit in forcible detainer in the municipal court of Chicago. A motion for a temporary restraining order was granted. Subsequently, on motion of the defendants, the restraining order was set aside and from that order this appeal was prayed and allowed.

No point is raised as to whether or not the order setting aside the temporary injunction was an appealable order. From the bill of complaint, however, it appears that the main purpose of the bill is for a permanent injunction and that complainants' right might be lost if a temporary injunction was not allowed to issue and remain in full force and effect until final hearing. Under the Practice Act, Cahill's St. ch. 110, ¶ 91, appeals in chancery will lie only from final orders. Owing to peculiar circumstances and hardships, the courts have refused to dismiss appeals from some judgments or decrees which did not completely dispose of the case in which they were entered. *Bucklen v. City of Chicago*, 166 Ill. 451. In the event this cause should be dismissed because of the fact that the order dissolving the injunction was not a final decree, it would result in complainant being forced to again appear in the trial court and ask to have the cause finally determined. This would result in a delay and hardship to the complainant. The same question would be before us on an appeal from the final order as is before us on this appeal. Under the circumstances, we consider the cause as coming within the exception to the rule and the parties having treated the order as an appealable one, it will be so considered by this court.

The bill charges that the parties entered into a contract for the purchase of a piece of real estate, March 26, 1925; that the contract price was $8,250, payable $1,625 in cash and $50 or more on or before the first of each month starting May 1, 1925, until the principal

sum of $3,625 was paid in full with interest at 6 per cent. Upon the payment of $5,250, complainants were to receive a deed and assume a mortgage of $3,000, dated February 27, 1930; charges that the contract contained the usual clauses as to taxes, time of payment, etc., and that payments were made and accepted without objection on various dates from 1925 to 1930; that all of the payments, with one exception, were made on dates subsequent to the first of the month and in some instances were not even made during the month at which they were due; charges that in September, 1930, payments were made and accepted without objection; charges that the defendants have never given notice that further payments should be made on the dates provided in said contract and that the purchase price has been nearly paid and only approximately $848.94 remains; charges that on April 24, 1931, the defendants began a forcible detainer suit in the municipal court of Chicago for the purpose of recovering possession of the premises in question; charges that irreparable injury will be done the complainants if said suit is allowed to proceed and offers to pay all and any moneys due under the contract; asks for an injunction and offers to do equity as the court may find proper. The bill also charges that the complainants have invested approximately $5,400 in cash in the premises which will be lost in the event of a forfeiture.

It is insisted that complainants have an adequate remedy at law by showing the facts set out in the bill of complaint and that these facts, if true, would constitute a defense. It is further insisted that the tender in the bill of complaint is not sufficient, but that the money should be actually tendered in open court. From the facts charged in the bill it appears that the payments have been going over a number of years and that the condition of the agreement, namely, that time

is of the essence of the contract, has, at frequent intervals, been waived by the parties. Forfeiture is a harsh remedy at best, and is by no means a favorite with a court of chancery under any circumstances, and readily yields in that forum to the principle of compensation, if fair dealing and good conscience seem so to demand. *Watson v. White,* 152 Ill. 364.

The bill charges that valuable improvements have been made on the property, and these facts are often incapable of proof in a law proceeding. No declaration of forfeiture appears to have been served on the complainants and from the record we gather that the first intimation complainants had of the purpose of the defendants was the beginning of the suit for forcible detainer in the municipal court. If the parties themselves had waived the condition that time of payments is of the essence of the contract, then it became necessary for the defendants to have notified complainants that in the event of future noncompliance of payment in accordance with the terms of the agreement, they would declare a forfeiture. The waiver of this condition was shown by the conduct of the parties. The Supreme Court in the case of *Watson v. White,* 152 Ill. 364, in its opinion says:

"By the terms of the agreement here in question time was made of the essence of the contract. It was not only provided therein that if the purchaser should fail to perform the contract promptly on his part, at the time and in the manner therein specified, then that 'the earnest money paid as above'—i. e., the $500 first paid by White,—should, at the option of the vendor, be forfeited as liquidated damages and the contract become null and void, but it was also expressly stipulated, 'time is of the essence of this contract and of all the conditions thereof.' But an agreement that time shall be of the essence of a contract may be waived or set aside, and more especially so in the contemplation

of a court of chancery, either by the mutual consent or conduct of the parties, or by the consent or conduct of the party in whose favor and for whose benefit such stipulation is made. (*Allen v. Woodruff*, 96 Ill. 11; *Palmer v. Ford*, 70 id. 369; *Peck v. Brighton Co.*, 69 id. 200; *Morgan v. Herrick*, 21 id. 481; *Bishop v. Newton*, 20 id. 175.) In the case at bar, both parties, by tacit but mutual consent, seem to have waived and ignored, from the very start, the provision that time should be of the essence of the contract and of all the conditions, stipulations or specified terms thereof.''

The tender in the bill was sufficient. It was not necessary to bring the money into court. The technical rules which govern pleadings of tender in actions at law do not apply to proceedings in chancery. The Supreme Court in *Watson v. White, supra,* in its opinion says: ''Equity will not demand of him that which is wholly useless for any purpose. The technical rules that govern pleas of tender in actions at law are manifestly inapplicable to the circumstances of this suit in chancery. The general rule is, that to entitle a purchaser to demand a deed and maintain a bill for specific performance, it is sufficient that he is ready and offers to pay any sum that may be found to be due and still unpaid, and to comply with the contract on his part. *Mix v. Beach*, 46 Ill. 311; *Maughlin v. Perry & Warren*, 35 Md. 352; *Jenkins v. Harrison*, 66 Ala. 346.'' To the same effect see *Hinton v. Tyler*, 163 Ill. App. 454; *First Nat. Bank of Hayward, Wis. v. Gerry*, 195 Ill. App. 513.

The bill charges facts which, if true, would entitle the complainant to relief, and the action of the trial court in dissolving the temporary injunction was error. It would be a harsh rule which would permit the defendant to receive belated payments extending over a number of years and then suddenly invoke the aid of a law court to enforce a forfeiture, and equity

should prevent such a thing, if possible, so long as equity is done to all parties.

For the reasons stated in this opinion the order of the superior court is reversed and the cause remanded with directions to expunge the order dissolving the temporary injunction, to allow the temporary injunction to stand, and to proceed in accordance with the views expressed in this opinion.

*Order reversed and cause remanded with directions.*

HEBEL, P. J., and FRIEND, J., concur.