LOUIS STEINER, Appellant, *v.* BENJAMIN PRIDDY, Appellee.

APPEAL FROM TAZEWELL.

There must be either a forcible entry, or the relation of landlord and tenant must exist, before a justice can take jurisdiction in an action of forcible entry and detainer, or of forcible detainer.

THIS was a complaint for forcible detainer, brought by appellant before a justice in Tazewell county, for lots five and six in the division of the estate of Isaac Perkins, deceased, in the west half of Section 1, Town 23 north, of Range 5 west of third principal meridian, in said county, and taken by appeal to the Circuit Court of Tazewell, and at the February term, 1862, tried before HARRIOTT, Judge, without a jury, and a judgment rendered for appellee.

The complaint sets out that at the February term, 1860, of the Tazewell Circuit Court, one Jesse Fisher obtained a judgment against Benjamin Priddy and David Shay, for $1,201 and costs of suit, upon which an execution issued June 30, 1860, directed to the sheriff of Tazewell county to execute, and that by virtue of that execution, on the 28th of July, 1860, the sheriff sold to Jesse Fisher lots five and six, in division of the estate of Isaac Perkins, deceased, in west half of Section 1, Town 23 north, Range 5 west of third principal meridian, as the property of said Benjamin Priddy, and a certificate of purchase was issued therefor to said Fisher; and that at the February term, 1861, of the same court, Emanuel and Israel Steiner obtained a judgment against Priddy for $3,549.02 and costs; that Priddy having failed to redeem said premises from the sale to Fisher in twelve months, an execution was sued out on said judgment in favor of E. & I. Steiner, dated July 31st, 1861, directed to the sheriff of Tazewell county to execute, and the premises redeemed from sale to Fisher by Steiners as judgment creditors of Priddy; and that on the 23rd of August, 1861, said premises were sold to Louis Steiner, and the same being unredeemed at the expiration of sixty days, appellant took a deed for the same.

ROBERTS & IRELAND, for Appellant.

B. S. PRETTYMAN, for Appellee.

CATON, C. J. There was no jurisdiction in the justice of the peace in this cause to evict the party. That could only be done by an action of ejectment. One of two things must exist to give jurisdiction in an action of forcible entry and detainer, or forcible detainer. There must be either a forcible entry, or the relation of landlord and tenant must exist. Neither is shown to exist in this case.

The judgment must be affirmed.     *Judgment affirmed.*