## JOHN W. FITZGERALD *et al.*

*v.*

## JOHN QUINN.

*Filed at Ottawa November 9, 1896—Rehearing denied March 9, 1897.*

1. FORCIBLE DETAINER—*action of, is a special statutory proceeding summary in its nature.* The action of forcible entry and detainer is a special statutory proceeding, summary in its nature and in derogation of the common law, and the statutory conditions and requirements necessary to jurisdiction must clearly exist and the mode of procedure be strictly followed.

2. SAME—*clauses 1 and 3 of section 2 of Forcible Entry and Detainer act construed as to when right of action accrues.* Whether a forcible entry is made into premises in the possession of another, (Laws of 1874, sec. 2, clause 1, p. 535,) or an entry is made into vacant and unoccupied lands or tenements without right or title, (sec. 2, clause 3,) the offense is consummated and the right of action accrues therefor at the moment such entry is made.

3. SAME—*right of action does not pass to assignee of party in whom it vests.* The right of action in forcible entry and detainer does not pass to the assignee of the party in whom it vests, and action lies only against the party making the tortious entry, or such others as are collusively in possession under him and are privy to the tort.

4. SAME—*one cannot be guilty of unlawful act to which he was not a party.* A party purchasing and taking possession of lands in good faith cannot be turned out by forcible entry and detainer proceedings merely because his grantors, years before, may, without right or title, have made an unlawful entry into the land, then vacant, where there is no privity between them as to the tort.

5. SAME—*section 2, clause 2, of Forcible Entry and Detainer act construed.* No right of action can exist under the second clause of section 2 of the Forcible Detainer act, (Rev. Stat. 1874, p. 535,) except where peaceable entry is made upon premises in the *actual* possession of the complainant or of those to whose rights he has succeeded, and the possession is unlawfully withheld after demand.

6. SAME—*plaintiff must show right of possession in himself.* One suing under the Forcible Entry and Detainer act must show a right of possession in himself, and he cannot rely upon the lack of right in those whom he seeks to dispossess.

7. EVIDENCE—*actual and peaceable possession of lands is presumed to be rightful.* One who is in the actual and peaceable possession of lands will be presumed to be rightfully in possession, and the burden of proof is upon him who disputes that possessory right.

*Fitzgerald v. Quinn,* 58 Ill. App. 598, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

In this proceeding under the Forcible Entry and Detainer act, brought by John Quinn, the appellee, against John W. Fitzgerald and Elizabeth M. Fitzgerald, the appellants, he recovered a judgment before a justice of the peace, and, on appeal, a judgment in the circuit court, and afterwards there was a judgment of affirmance in the Appellate Court.

The complaint filed with the justice of the peace was as follows: "John Quinn complains to J. J. Hennessy, Esq., a justice of the peace in and for said county and State, that he, the said John Quinn, is entitled to the possession of the following described premises in said county, to-wit: All that part of lot 19, in block 2, of James Goodspeed's subdivision of 7.88 acres in the northwest quarter of the north-east quarter of section 9, township 38, north of range 14, east of the third principal meridian, Cook county, Illinois, now occupied by John W. Fitzgerald and wife, Elizabeth M., being a strip of said lot 19, twenty-six inches wide on the west or front end and twenty inches wide on the east or rear end thereof, and immediately contiguous to and south of the north boundary line of said lot 19 aforesaid; that said premises were vacant and unoccupied, and that the said John W. Fitzgerald and wife, Elizabeth M., made entry therein without right or title, and now unlawfully withhold the possession thereof from the said John Quinn, wherefore he prays a summons in pursuance of the statute in such case made and provided.—Dated May 18, A. D. 1891."

In the circuit court the cause was submitted on the following stipulation and agreed state of facts, to-wit:

"The parties to this suit hereby waive a jury and submit this cause to the court, to be tried without a jury, upon the following facts agreed upon: That upon the 21st day of August, A. D. 1883, the plaintiff, John Quinn, obtained a warranty deed to lot 19, block 2, in James Goodspeed's subdivision of 7.88 acres in the north-west quarter of the north-east quarter of section 9, township 38, north of range 14, east of the third principal meridian, in Cook county, Illinois, from Mary A. R. Harrison, (formerly Mary Ann Regina McNamara,) and her husband, Robert Harrison, of Fergus Falls, Minnesota, which deed is recorded in the recorder's office of Cook county as document 503,505, on the 24th day of October, 1883, in book 1428 of records, on page 103, which is here offered in evidence and marked 'Plaintiff's Exhibit A,' claiming title by *mesne* conveyances from the United States government; that after the time said deed was so received, as aforesaid, by the plaintiff, the defendant Elizabeth M. Fitzgerald, who is the wife of the defendant John W. Fitzgerald, obtained a deed to lot 20, in block 2, claiming title by *mesne* conveyances from the United States government, in the same subdivision, which is immediately north of and adjoining said lot 19; that at the time that said deed was made to the plaintiff, the premises, lot 20, or the greater part thereof, were enclosed and a house built thereon, and the same was surrounded by a fence substantially as set down and delineated upon a certain plat of survey which is now introduced in evidence marked 'Plaintiff's Exhibit B,' said south line of said enclosed premises being the most northerly of the red lines marked 'fence' on said plat; that at the time the deed was obtained by the plaintiff a fence encircled the entire enclosure north of the red line marked 'fence' in lot 19 and so much of lot 20 as is included in twenty-five feet north of said line marked 'fence;' that such fence was on the east and west lines, and also on the north side, and twenty-five feet north of said red line marked 'fence,' the

same constituting one entire enclosure; that at the time
the deed was obtained by the plaintiff there was upon
and on the premises contained in said enclosure a two-
story frame building, which building was then occupied
by tenants, and continued to be occupied by tenants of
parties other than the plaintiff, until the time of the ob-
taining of the deed by the defendants, upon which date
one of the tenants moved out of the second story of said
building and the defendants moved into the said second
story, and the defendants have continued to occupy the
said building and the premises enclosed within said fence
continuously from the date of their deed until the date
of the service of process in this case, except as herein-
after stipulated; that south of and adjoining said house,
between the house and the south fence, was a two and
one-half foot wide board walk, which extended from the
front of said lot to the rear of said lot, and which was
being constantly used by the parties in possession of the
premises so enclosed; that the plaintiff never, in fact, was
in the actual possession of the premises contained within
said enclosure unless he was in possession by virtue of
his said deed, and the improvement of the street front of
lot 19, and the payment of the taxes thereon since 1883
A. D.; that during all the time from time of the obtaining
of said deed by the plaintiff until the date of the com-
mencement of this suit the plaintiff never collected any
rents from any of the tenants upon said premises, never
leased or attempted to lease the same, but that the said
premises were leased and the rents therefor collected by
persons (other than plaintiff) who held possession of all
the premises contained within the said enclosure; that on
May 17, 1891,—the day before the commencement of this
suit,—the defendants moved the fence on the south line
of said enclosure bodily towards the north, on a line run-
ning from a point eight inches north of where it stood on
the west line to the same point where it stood on the
east or rear of the lot. The defendants stipulate for the

purpose of this trial only, and not to be used or claimed against them in any other suit except they shall eventually be found guilty of forcible detainer of the premises in the complaint described in this action, that the north line of lot 19 is the black line running from School street on the west to the alley in the rear, which is the first line north of the north red line marked 'fence' in the plat offered in evidence. It is further stipulated that lot 19 has never been improved or occupied by plaintiff or his grantors in any way except the street improvements in front, and excepting so much of the same as is described in the complaint as has been fenced in and occupied by the said fence and board walk, as hereinbefore stipulated; that said premises were not fenced in by the defendants, but that said fence was there at the time they received their deed to the said lot 20, and that the defendants entered into possession of said premises in a peaceable and quiet manner under the said deed from Taylor to them. The defendants offer in evidence the said deed from Thomas Taylor, Jr., to Elizabeth M. Fitzgerald, recorded in book 2403, at page 354, and make the same a part hereof and mark the same 'Defendants' Exhibit A;' that all of said lot 19 which was south of said fence was, at the time plaintiff obtained his deed, what is called open prairie, and has never been fenced or improved in any way, except that the plaintiff has paid for the street improvements in front of said lot 19. It is hereby stipulated that the summons, the complaint and the notices, and the returns thereon, may be considered in evidence."

Plaintiff's 'Exhibit A:' Deed from Mary A. R. Harrison and husband to John Quinn, to lot 19, in block 2, in James Goodspeed's subdivision, dated August 21, 1883, recorded October 24, 1883, in book 1428 of records, at page 103. Plaintiff's 'Exhibit B:' Plat and survey. Defendants' 'Exhibit A:' Deed from Thomas Taylor, Jr., to Elizabeth M. Fitzgerald to lot 20, in block 3, in said Goodspeed's subdivision, dated September 22, 1888, and

recorded September 24, 1888, in book 2403 of records, at page 354. Demands for possession.

Upon propositions of law submitted to it the court held, "that while the defendants may not have been guilty of forcible entry or forcible detainer prior to the service of the demand in writing for the restitution of the premises in question, yet their refusal to deliver up possession upon demand is, in law, an unlawful detainer, and therefore the action of forcible entry and detainer can be maintained by the plaintiff; that when the title to the property is not in fact disputed, this form of action is more expeditious and inexpensive than ejectment." It also held as follows: "The use by defendants of the strip in controversy may be considered in the nature of a license, which plaintiff might revoke at any time. The agreed facts negative the idea that the defendants or their grantors ever claimed title to the strip in question. A man's title deed (recorded) to a city lot is sufficient notice to the world, and evidence of actual possession, within the meaning of the statute, as against every one who may enter peaceably or otherwise, except as against a person who claims by adverse title."

The court refused to hold, at the request of the defendants, in substance as follows: That to sustain his action the plaintiff must prove, by a preponderance of evidence, that at the time of the entry by the defendants the premises described in the complaint were vacant and unoccupied, or that the plaintiff was in the actual, open and exclusive possession of said premises, and that while the plaintiff was so in possession the defendants intruded themselves into the possession of said premises against the consent of plaintiff. And it also refused to hold, that if, at the time of the alleged entry by the defendants, the premises in question were part of a tract of land which was enclosed by a fence, and that upon said tract so enclosed was situated a dwelling house, which dwelling house was occupied by persons other than plaintiff,

who were then in possession thereof under lease from parties who claimed to own the same, other than the plaintiff, and that defendants, in good faith, peaceably entered into possession of said house and the lot so enclosed, under a deed to defendants, and that the plaintiff was never in possession of the premises described in the complaint except as to so much thereof as defendants surrendered on the 17th day of May, 1891, then the defendants are not guilty of forcible detainer.

FRY & HYDE, for appellants.

MASTERSON & HAFT, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

We may premise by saying that the action of forcible entry and detainer, or forcible detainer, is a special statutory proceeding, summary in its nature and in derogation of the common law, and it follows that the conditions and requirements that the statute prescribes in conferring jurisdiction must clearly exist and that the mode of procedure provided by it must be strictly pursued. *Steiner* v. *Priddy*, 28 Ill. 179; *Schaumtoeffel* v. *Belm*, 77 id. 567; *French* v. *Willer*, 126 id. 611; *Burns* v. *Nash*, 23 Ill. App. 552.

The complaint herein charges "that the said premises were vacant and unoccupied, and that said John W. Fitzgerald and wife, Elizabeth M., made entry therein without right or title, and now unlawfully withhold the possession thereof from the said John Quinn." The only claims that are or can be made are that the case made by the complaint is based either upon the third clause or upon the second clause of section 2 of the Forcible Entry and Detainer act. (Rev. Stat. chap. 57.) Apparently it is based upon the third clause. Said section 2 provides as follows: "The person entitled to the possession of lands or tenements may be restored thereto in the manner hereafter provided: * * * *Third*—When entry is made into

vacant or unoccupied lands or tenements without right
or title."

In the case at bar there is no ground whatever for
saying that the strip of land off of the north side of lot
19 that was fenced in and used with part of lot 20 was
vacant and unoccupied when appellants got their deed
and moved into the house.   It was, at and prior to that
time, in the actual and exclusive possession and occu-
pancy of the tenants who lived in the house and con-
stantly used the board walk and the entire premises
enclosed by the fence, and the possession of such tenants
was, in contemplation of law, the possession of the land-
lord under whom they held.   Such being the condition
of the property, the appellants entered into possession
of the entire enclosed premises in a peaceable and quiet
manner under their deed from Taylor.   It is utterly im-
possible that land should be fenced in and be constantly,
exclusively and peaceably used by a particular person or
particular persons, under claim of right, and such land
yet be vacant and unoccupied.

The contention of appellee seems to be substantially
this: That the statute provides that when entry is made
into vacant or unoccupied lands or tenements without
right or title, the person entitled to the possession of the
same may be restored thereto under the provisions of the
statute; that the premises in dispute were at some time
vacant and unoccupied, and some grantor, either imme-
diate or remote, of appellants, entered into such vacant
or unoccupied ground without right or title, and appel-
lants can have no other or further right or title than their
grantors had, and therefore appellee can maintain forci-
ble entry and detainer under this third clause of section 2
of the statute.   In making this argument appellee loses
sight of the true intent and scope of the Forcible Entry
and Detainer act and of the several clauses of this sec-
tion 2.   Three general classes of cases are provided for
—one where the original entry was forcible or unlawful;

another, where the original entry was lawful but the detention has become illegal; and the other, where the entry was peaceable but the possession unlawfully withheld. The first clause of the section makes provision for the case of a forcible entry, and the third clause for the case of an entry without right or title into vacant or unoccupied lands or tenements, and these cases both fall within the first of the general classes of cases above noted. The fourth, fifth and sixth clauses make provision for cases that have their origin in contract, and fall within the second of the general classes mentioned, and the case specified in the second clause of the statute constitutes the third of said classes.

Upon the first question that arises in the case we have to do only with the first of these general classes,—that is to say, with the cases for which provision is made in the first and third clauses of the section. Whether a forcible entry is made into premises that are in the possession of another, or an entry is made into vacant and unoccupied lands or tenements without right or title, in either event the offense is consummated the moment such entry is made, and the right to maintain an action of forcible entry and detainer therefor vests at once,—in the one case in him whose actual possession is invaded, and in the other in him whose constructive possession, growing out of paramount title, is invaded. Such right of action does not pass to the assignee of the party in whom it so vests. (*Dudley* v. *Lee,* 39 Ill. 339; *Thomasson* v. *Wilson,* 146 id. 384; *Thomasson* v. *Wilson,* 46 Ill. App. 398.) And, moreover, in such cases where the original entry is tortious or unlawful the action of forcible entry and detainer will lie only against the person who makes the entry, or such other person as is collusively in under him and is privy to the tort. But a person purchasing and taking possession in good faith cannot be turned out by this summary remedy because the party from whom he purchased may, years before, have made an unlawful entry, for a person

cannot be guilty of an unlawful act to which he was not a party and of which he has never heard. *Clark* v. *Barker*, 44 Ill. 349.

If we should assume the correctness of the contention that the grantor, either immediate or remote, of appellants made entry into the strip of ground in controversy without right or title when it was vacant or unoccupied, yet it clearly appears that such entry was prior to August 21, 1883, when appellee obtained a deed for lot 19 from Mary A. R. Harrison and her husband, and under the doctrine we have stated the cause of action for the illegal entry did not pass to appellee by the deed which he received. So, also, since such entry was many years before appellants got their deed, in 1888, and it does not appear they were in any way privies to or had knowledge of the tort, and since they purchased for a valuable consideration and entered into the possession of the premises in good faith and in a peaceable and quiet manner under their deed, it is manifest that an action does not lie against them, under the statute, for the unlawful entry, without right or title, into the premises when they were vacant and unoccupied,—and this even though the original entry by their immediate or remote grantor may have been such as falls within the statute; and the conclusion must necessarily be that appellee has no remedy against appellants under the third clause of section 2 of the Forcible Entry and Detainer act.

It is claimed by appellee that since demand for possession was made by him and possession refused by the appellants, he, appellee, has a remedy under the second clause of the section, which makes provision for a restoration of possession when a peaceable entry is made and the possession is unlawfully withheld. Under a former and somewhat similar statute, (R. L. 313; Gates' Stat. 313; Rev. Stat. 1845, 256;) which gave the action "if any person shall make an entry into any lands, tenements or other possessions, except in cases where entry is given by law,"

as contradistinguished from a forcible or violent entry, it was held by this court that before the action could be maintained there must be an entry upon the actual possession of another, and that it was not sufficient to charge in the complaint that the complainant's right to the possession was invaded by the entry. (*Atkinson* v. *Lester*, 1 Scam. 407; *Whitaker* v. *Gautier*, 3 Gilm. 443.) Under this second clause of section 2 an action lies by the owner of a lot against one holding exclusive possession under a mere license to occupy in common with such owner. *Dunstedter* v. *Dunstedter*, 77 Ill. 580.

In *Thomasson* v. *Wilson*, 146 Ill. 384, we had under consideration said second clause of the now existing statute, and we there said that by it a right of action is given for unlawfully withholding the possession from the person entitled to the same, where the entry has been peaceable, and that every detention of premises, after demand duly made, by persons who have intruded *into the possession of another*, becomes an unlawful detention, within the meaning of this statute, however peaceably the entry may have been made. And it was held in that case that the possession of the tenant who was intruded upon was, in law and in fact, the possession of her landlord, the appellee; that the tenant might have maintained an action for possession, and that upon the termination of the lease, and demand for possession by the landlord and refusal by appellant, who had peaceably intruded upon the possession of the tenant, a right of action accrued to the landlord, under this second clause of the statute, for the unlawful detention.

These authorities indicate that there can be no right of action under the second clause of the statute except where the peaceable entry is made upon premises that are in the actual possession of the complainant or of those to whose rights he has succeeded, and our attention is called to no authorities that are to the contrary. Sound reason leads to the same conclusion. A different inter-

pretation of the statute would render insecure the possession of persons who have for many years been in the actual occupancy of improved real estate, claiming ownership, and it would virtually abrogate the security and repose afforded by the statutes of limitation. It surely was not the legislative intention that a complainant can, in the summary way prescribed by the statute and without trial of title, turn out of possession a person who for years has occupied land under claim of ownership, by merely showing that at some remote time in the past such land was vacant or unoccupied, provided some one other than the defendant then held the government or legal title, and that such title was subsequently, by *mesne* conveyances, transferred to the complainant. Such a construction of the statute would be a constant menace to the property of the citizen, and would disturb the peace and welfare of society.

Among the facts agreed upon in the stipulation are these: That lot 19 has never been improved or occupied by plaintiff or his grantors in any way; that plaintiff never was in the actual possession of the premises contained within the enclosure; and that all of lot 19 that lies south of the fence was open prairie at the time he obtained his deed, and that it has never been fenced or improved. Of course, these facts exclude any conclusion that either he or his grantors ever had actual possession of the strip in controversy, and, as we have seen, such possession is essential to a right of action under the second clause of the statute.

It is not made to appear in this record that the possession of appellants is unlawful. No privity of estate is shown to exist between them and appellee. When they, in 1888, were placed in quiet and peaceable possession under their deed from Taylor, they found the property in the actual and exclusive possession of their grantor and his tenants. The person who is in the actual and peaceable possession of land will be deemed to be

rightfully in possession, and the burden of proof is upon him who would dispute that possessory right. (*McLean* v. *Farden*, 61 Ill. 106; *Gosselin* v. *Smith*, 154 id. 74; *Preston* v. *Zahl*, 4 Ill. App. 423.) An adverse possession sufficient, in course of time, to defeat the legal title need not be under a rightful claim, nor even under a muniment of title. (*Turney* v. *Chamberlain*, 15 Ill. 271; *Noyes* v. *Heffernan*, 153 id. 339.) One suing under the Forcible Entry and Detainer act must show a right of possession in himself, and he cannot rely upon the lack of right in those whom he seeks to dispossess. *McIlwain* v. *Karstens*, 152 Ill. 135.

It is urged that either the immediate grantor or some prior grantor of appellants wrongfully entered upon lot 19 and inclosed a part thereof. This is but an assumption. It is just as reasonable to presume that some former owners of lots 19 and 20, respectively, agreed upon the fence as the boundary line between the two lots, or that, prior to the bringing of this action, appellants and their grantors had been in the actual and adverse possession of the strip of ground in controversy for a period of twenty years or more. But these are questions that might properly arise in an ejectment suit. They cannot be tried in this statutory proceeding, where the question of title is not in issue.

The rulings of the circuit court upon the propositions of law submitted to it were inconsistent with the views we have expressed, and were erroneous. The Appellate Court erred in affirming the judgment of the circuit court. The judgments of both courts are reversed, and the cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*