Daniel D. Craft et al., Trading as Craft, McConaughy and Wolcott, Appellants, v. Carl Calmeyer and Julie Calmeyer, Appellees.

Gen. No. 36,828.

Heard in the second division of this court for the first district at the June term, 1933. Opinion filed March 6, 1934.

WILLIAM RIFKIND, for appellants.

No appearance for appellees.

MR. JUSTICE SCANLAN delivered the opinion of the court.

This is an appeal from a judgment entered in the municipal court of Chicago, in favor of defendants, in an action of forcible detainer, tried by the court upon a stipulation of facts.

Defendants are in possession of the premises in question under a written contract, dated April 1, 1927, between Chicago Trust Company, trustee under trust No. 1477, seller, and Carl Calmeyer and Julie Calmeyer (defendants), purchasers. Plaintiffs are assignees of the contract. By its terms defendants agreed to pay the seller $9,000, as follows:

"$750.00 in cash at the time of the execution of this agreement, receipt whereof is hereby acknowledged; the assumption by the purchasers of a first mortgage now of record in the principal sum of $4500.00 aforesaid with interest at 6% per annum payable semi-annually; the balance amounting to $3750.00 together with interest at the rate of 6% per annum payable monthly on the whole sum remaining from time to time unpaid to be paid as follows: $70.00 or more on the 1st day of April, A. D. 1927, and $70.00 or more on the first day of each and every month thereafter for a period of fifty-eight months, the balance of said $3750.00 then remaining unpaid to become due and

payable on the 1st day of April, 1932; the monthly payments aforesaid as received shall be credited first to the interest accruing on the first mortgage and on said contract, and the balance, if any applied on the principal of said contract.''

The sale was subject to a first mortgage in the sum of $4,500. The seller ''guarantees to give purchasers a trustee's deed in joint tenancy when purchasers have paid the contract in full up to the first mortgage,'' and agrees to convey the premises to the purchasers ''in fee simple, not as tenants in common, but as joint tenants, clear of all encumbrances whatever, except as herein noted, by a good and sufficient conveyance.'' The contract also provides that ''the time of payment shall be of the essence of this contract'' and that if defendants fail to perform any of the covenants ''this contract shall, at the option of the seller, be forfeited and determined, and the purchaser shall forfeit all payments made on this contract, and such payments shall be retained by the seller in full satisfaction and in liquidation of all damages sustained.'' On December 6, 1932, defendants had paid upon the contract $6,650.22, but only $2,287.75 of that amount had been applied on the principal and there was still due plaintiffs on account of the principal a balance of $2,212.25. It was further stipulated ''that on or about June 7, 1932, an agreement was made between the defendants and plaintiffs whereby the plaintiffs would accept monthly payments of interest on the unpaid contract balance and on the first mortgage balance from the defendants and would carry them in default of principal payments if said interest was so paid and the defendants did thereafter on June 7, 1932, pay to the plaintiffs the sum of $31.44 . . . ; on July 6, 1932, . . . $31.44 . . . ; on August 5, 1932, . . . $31.44 . . . ; on September 8, 1932, . . . $31.44 . . . ; on October 8, 1932, . . . $31.44 . . . ; on November 8,

1932, . . . $31.44 . . . ." The following is the receipt given to defendants for the June payment:

"Craft, McConaughy & Wolcott
40 North Dearborn Street
Chicago, Ill.
Franklin 1030 and 1031

Chicago, Jun 7—1932

M Carl Calmeyer
6747—Oconto Ave.,
Chicago.

We beg to acknowledge receipt of your remittance covering the following items:

|  |  |  |
|---|---|---|
| 1684 | **Principal** | $ —— |
| Apr. 1st Int. | ~~Interest~~ | 11.44 |
|  | 1st Mortgage Interest | 20.00 |
|  |  | $ 31.44 |

| | | |
|---|---|---|
| Previous Balance | $ — | Thanks, |
| This Payment | — | Craft,McConaughy & Wolcott, |
| Balance | $ 2287.75 | By         M. P." |

The receipts given for the payments in July, August, September, October and November, 1932, are, in form and substance, practically the same as the above. It will be noted that the payments for October and November were made on the *8th.* On December *6,* 1932, plaintiffs *sent defendant Carl Calmeyer* a notice that there was then due upon the contract $476.61 (the amount of the total arrearage), and to "please remit at once and oblige." This notice was a printed form, save as to the amount, and was not signed by plaintiffs. On January 19, 1933, plaintiffs served a written notice upon defendants that, *"under the terms of the contract,"* they were in default in the sum of $546.61 and that unless that sum was paid *"within ten days from this date;* together with any additional indebtedness which may accrue within said ten days, under the

terms of said contract, the said contract will be forfeited and determined and all payments heretofore made by the purchaser under the terms thereof will be retained as liquidated damages, and steps will be taken to recover possession of the said premises." (Italics ours.) On January 30, 1933, plaintiffs served a "written notice," consisting of one page, upon defendants. This notice states: "As you have defaulted in your payments for the months of Part of May, all June, July, August, Sept., Oct., Nov. & Dec. 1932 & Jan. 1933 *under your contract* . . . we have elected to terminate said contract." (Italics ours.) At this point in the notice there was stamped the following:

"At the expiration of 30 days from the date of this demand an action will be instituted in compliance with 'An Act in regard to Forcible Entry and Detainer' of the State of Illinois."

Then follows a notification that the contract "has been forfeited and determined and that all payments heretofore made by you on said contract have been forfeited by your failure to continue said payments, (the last payment having been made by you on November 8, 1932 . . .)." Then follows:

"Demand for *Immediate* Possession

To Carl and Julie Calmeyer, 6747 Oconto Ave., Chicago, Ill.

We Hereby Demand *Immediate* Possession of the following described premises: (Here follows description of the premises)

Dated this 30th day of January        CRAFT, McCONAUGHY
1933 A. D., at Chicago, Illinois.          & WOLCOTT
(Italics ours.)                      By Ryland A. Wolcott"

The provisions of the Forcible Entry and Detainer Act (Cahill's St. ch. 57, ¶¶ 2, 3) that control the instant appeal are:

"Par. 2. Action, when it lies.) Sec. 2. The person entitled to the possession of lands or tenements

may be restored thereto in the manner hereafter provided:

"...

"Fifth—When a vendee, having obtained possession under a written or verbal agreement to purchase lands or tenements, and having failed to comply with his agreement, withholds possession thereof after demand in writing by the person entitled to such possession.

"...

"Par. 3. Demand — Service — Return — Form. Sec. 3. The demand required by the preceding section may be made by delivering a copy thereof to the tenant, or by leaving such a copy with some person above the age of twelve years, residing on, or being in charge of the premises; or in case no one is in the actual possession of the premises, then by posting the same on the premises, *provided that in case there is a contract for the purchase of such lands or tenements, notice that a proceeding under the provisions of this Act is to be instituted shall be given to the purchaser under such contract at least thirty days prior to the institution of such proceeding, either by notifying such purchaser personally of such fact or by sending notice thereof by registered mail to the last known address of such purchaser. . . .*" (The italicized part is the amendment of 1931.)

"The action of forcible entry and detainer, or forcible detainer, is a special statutory proceeding, summary in its nature and in derogation of the common law, and it follows that the conditions and requirements that the statute prescribes in conferring jurisdiction must clearly exist and that the mode of procedure provided by it must be strictly pursued. *Steiner v. Priddy,* 28 Ill. 179; *Schaumtoeffel v. Belm,* 77 id. 567; *French v. Willer,* 126 id. 611; *Burns v. Nash,* 23 Ill. App. 552." (*Fitzgerald v. Quinn,* 165 Ill. 354, 360.)

In *Wentworth v. Sankstone,* 233 Ill. App. 48, 49–51, it is said:

"It has been repeatedly held that an action of forcible entry and detainer is a special statutory proceeding summary in its nature and in derogation of the common law. *Wells v. Hogan,* 1 Ill. (Breese) 337; *French v. Willer,* 126 Ill. 611; *Fitzgerald v. Quinn,* 165 Ill. 354.

"In the *Wells* case, which was an action of forcible detainer, the court said: 'The proceedings . . . being summary, and contrary to the course of the common law, must strictly conform to the requisitions of the statute.'

"In the *French* case, which was also an action of forcible entry and detainer, the court held that a confession of judgment, entered under the terms of a lease awarding possession of the premises to plaintiff, was unauthorized by law and void. It was there said (p. 618): 'This action is a special statutory proceeding, summary in its nature, and in derogation of the common law, and it is a rule of universal application in such actions, that the statute conferring jurisdiction must be strictly pursued in the method of procedure prescribed by it, or the jurisdiction will fail to attach, and the proceeding be *coram non judice* and void. . . .

" 'While forcible entry and detainer is a civil proceeding for restitution it is based upon, and has by modern legislation been evolved from the English forcible entry and detainer, which was a criminal proceeding merely. Ejectment, from its slow progress, was an inadequate remedy to a landlord, and the legislature provided the summary remedy by which a speedy recovery of possession may be secured, but to prevent hasty action and to secure tenants and their families from the danger and inconvenience of being forcibly ejected without notice and reasonable time for preparation, certain safeguards were provided by the

statute.' It was further said (p. 621): 'Such court of record does not proceed in forcible detainer by virtue of its power as a court of general jurisdiction, but derives its authority wholly from the statute, and in such proceeding is therefore to be treated as a court of special and limited jurisdiction.' "

In *City of Chicago v. Steamship Lines,* 328 Ill. 309, 315–6, it is said:

"The civil remedy in this State for the restitution of premises, based on forcible entry and detainer, was unknown to the common law and is purely statutory in its origin. While our statute on forcible entry and detainer contains some of the ideas found in the English statutes aforesaid, particularly the statutes of Henry VI, they do not embody all of the features of any of those statutes, and they cannot be said to be an adoption of any of them in their entirety or of any other English statute. It has been repeatedly decided by this court that an action of forcible entry and detainer is a special statutory proceeding summary in its nature and in derogation of the common law, and that our courts do not proceed thereon by virtue of their power as courts of general jurisdiction but derive their authority wholly from the statute, and in such a proceeding they are to be considered and treated as a court of special and limited jurisdiction. (*French v. Willer,* 126 Ill. 611; *Wells v. Hogan,* Breese, 337; *Fitzgerald v. Quinn,* 165 Ill. 354.) *The action being a special statutory proceeding in derogation of the common law the statute must be strictly followed as to the remedy pursued.*" (Italics ours.)

The only "demand in writing" for possession of the premises made by plaintiffs is the "Demand for Immediate Possession" contained in the "written notice" of January 30, 1933. A plaintiff in a forcible detainer suit, because of the amendment of 1931, would not have, under any circumstances, a right of possession before the expiration of the 30 days, and, therefore,

the demand for immediate possession would not be in compliance with the act,—in fact, it violates the purpose of it. ''The statute must be strictly followed as to the remedy pursued.'' (*City of Chicago v. Steamship Lines, supra,* p. 316.) ''The mode of procedure provided by it must be strictly pursued.'' (*Fitzgerald v. Quinn, supra,* p. 360.) ''The proceedings . . . must strictly conform to the requisitions of the statute.'' (*Wells v. Hogan, supra,* p. 338.) '' 'The statute conferring jurisdiction must be strictly pursued in the method of procedure prescribed by it, or the jurisdiction will fail to attach, and the proceeding be *coram non judice* and void.' '' (*French v. Willer, supra,* p. 618.) Had plaintiffs, in the ''written notice'' of January 30, made a demand for possession of the premises after the expiration of the 30 days, a different question might be presented.

But, in our judgment, the demand for possession was not ''in strict compliance with the act'' for another reason: The amendment of 1931 to section 3 provides that in a case like the present one it is necessary for the vendor to give notice to the vendee ''that a proceeding under the provisions of this Act is to be instituted . . . prior to the institution of such proceeding,'' and that such notice shall be given at least 30 days prior to the institution of such proceeding. Under the act (sec. 2, clause Fifth) the ''demand in writing'' for possession of the premises is an essential part of ''such proceeding,'' and without it there is no jurisdiction to hear a case brought under the act. In the instant case the written demand for possession was a part of the notice of January 30, 1933, but, in our judgment, the ''demand in writing'' required by clause Fifth could not, because of the amendment of 1931, be made until after the expiration of the 30 days' notice required by section 3. In other words, the amendment stays any action or proceeding, under the act, until after the expiration of the 30 days' notice.

The failure of plaintiffs to make the demand in accordance with the act is fatal to their action. When it is remembered that the Forcible Entry and Detainer Act is summary in its nature and in derogation of the common law, it is no hardship to require a vendor who seeks its assistance to follow strictly the mode of procedure provided by it. If the courts did not insist upon a strict compliance with the statute great injustices to vendees would inevitably follow. Undoubtedly, the legislature passed the amendment because of the great national depression, and the purpose of the same is obvious. The present case shows the wisdom and justice of the law.

It is stipulated that there had been a waiver of the payments as required by the contract. It further appears, from the agreed facts, that before the alleged forfeiture plaintiffs did not give reasonable notice to defendants of their intention to again resort to the strict terms of the contract. They thereby denied defendants a reasonable opportunity to pay what they owed under the terms of the contract, and the alleged forfeiture, under the facts and the law, was wholly unwarranted.

"Forfeitures are not regarded by courts with any special favor. The party who insists upon a forfeiture, must make clear proof, and show he is entitled to make such declaration. It is a harsh way of terminating contracts, and not infrequently works great hardships, and he who insists upon making such declaration, cannot complain if he is held to walk strictly within the limits of the authority which gives the right." (*Palmer v. Ford*, 70 Ill. 369, 377.)

It is the settled law of this State that an agreement that time should be of the essence of the contract may be waived or set aside by mutual consent or the conduct of the parties, or by consent or conduct of the party for whose benefit the stipulation is made, and that where the terms of the contract have been waived

for a time, reasonable notice must be given of an intention to resort to its strict terms before a forfeiture may be declared. (See *Plummer v. Worthington,* 321 Ill. 450.) It is unnecessary to refer to the many other cases that might be cited in support of the above rule, as plaintiffs state in their brief: "The law is so well settled in this state that, where a purchaser of land under a contract for a deed containing a clause making time of payment of the essence of the contract is in default in the payments thereunder, and the vendor has not taken advantage of the terms of the contract and insisted upon strict compliance thereof, such vendor has lulled the purchaser into a sense of false security and before the vendor can take advantage of his option to cancel the contract and forfeit the payments made thereunder, he must reinstate the 'time of the essence clause' by a notice giving the purchaser a reasonable time to pay up his defaults." But plaintiffs contend: "The question of the reasonableness of the time given the defendants to make good their defaults is not before the trial court. Neither is the question of the amounts the purchaser has paid under the contract. If the defendants feel that they were not given a reasonable time within which to make good their defaults, in the face of what is shown by their own Exhibits 1 and 7, or if they feel that they have paid a substantial amount under the contract, then their remedy is in equity for injunction. *Strey v. Buehl,* 265 Ill. App. 554, at page 557, and the Municipal Court has no right to consider such questions, since in a forcible entry and detainer proceeding, it has no equitable powers." This contention is plainly an afterthought, and, under the record, cannot now be raised. The facts surrounding the waiver and the alleged forfeiture were stipulated, the evidence was admitted by agreement, and the instant point was not made, nor even suggested, to the trial court, and the case was tried upon the theory that the evidence in

question was admissible and relevant. Moreover, no such point is covered by the assignment of errors. But the contention is untenable, even if it had been properly raised in the trial court. Under clause Fifth, in order to bring themselves within the act, plaintiffs had to prove that defendants had failed to comply with their agreement, and, under the facts and the law, in order to determine that question, it was necessary to consider and determine the further question as to whether plaintiffs had given defendants a reasonable notice of their "intention to resort to the strict terms of the contract" before forfeiting the same. *Strey v. Buehl* does not sustain the instant contention of plaintiffs, and it will be noted that there the defendants strenuously contended that the bill would not lie because complainants had "an adequate remedy at law by showing the facts set out in the bill of complaint and that these facts, if true, would constitute a defense" to the forcible detainer suit; and in their brief, filed in this court, defendants conceded that if complainants could prove in the forcible detainer suit "the same facts upon which this bill is predicated it would constitute a good defense." *Monson v. Bragdon,* 159 Ill. 61, involved a bill for the specific performance of a contract and to enjoin an action of forcible entry and detainer and the question of forfeiture and reasonable notice was therein involved, and the court, in passing upon the contention that the complainant had a complete remedy at law, stated (p. 68) that complainant had a complete remedy at law and that the facts surrounding the said question could have been interposed as a defense to the forcible entry and detainer suit, but that the defendant in the equity proceeding had not aptly interposed that defense to the bill. Questions of waiver and reasonable notice were adjudicated and decided in the following forcible detainer suits: *Bernstein v. Weinstein,* 220 Ill. App. 292; *Donovan v. Murphy,* 217 Ill. App. 31; *Sixeas v. Fogel,* 253 Ill. App.

579. Such questions are frequently determined in legal actions other than forcible detainer. To cite a few cases: *Vider v. Ferguson,* 88 Ill. App. 136; *Hibernian Banking Ass'n v. Bell & Zoller Coal Co.,* 181 Ill. App. 581; *Jakes v. North American Union,* 186 Ill. App. 1.

The facts in this case show that the unfortunate defendants had paid upon the contract, in principal and interest, $6,650.22; that in a time of great national distress, when it was practically impossible for anyone, involved in a contract like the instant one, to obtain aid, plaintiffs waived strict compliance with the terms of the contract, "lulled the defendants into a sense of false security," and then suddenly notified them that under the strict terms of the contract they were in default in the sum of $546.61, and that unless the same was paid "within ten days from this date; together with any additional indebtedness which may accrue within said ten days, under the terms of said contract, the said contract will be forfeited and determined and all payments heretofore made by the purchaser under the terms thereof will be retained as liquidated damages, and steps will be taken to recover possession of the said premises," and 10 days later they notified defendants that the contract "has been forfeited and determined and that all payments heretofore made by you on said contract have been forfeited by your failure to continue said payments." The conduct of plaintiffs shocks our sense of justice, and we cannot escape the conclusion that in their method of procedure they were actuated solely by a desire to obtain possession of the premises and to destroy the equity of defendants in the same, regardless of the rights of the latter. Under the facts of this case 10 days' notice was so insufficient that even plaintiffs, in this court, do not attempt to defend their action in that regard, but they content themselves with the argument that such questions cannot be considered

in a forcible detainer action. What is a reasonable notice depends largely upon the facts and circumstances of the particular case. In the instant proceeding the trial court, in passing upon the question as to whether the 10 days' notice was a reasonable one, had the right to consider the size of the payments that had been made by defendants upon the contract, and the fact of the great depression, together with the other facts and circumstances bearing upon the question.

The judgment of the municipal court of Chicago is a just one and it should be and it is affirmed.

*Affirmed.*

SULLIVAN, P. J., and GRIDLEY, J., concur.