(No. 22662.—

B. GIVEN, Appellant, *vs.* HATTIE H. LOFTON, Appellee.

*Opinion filed February 15, 1935.*

IRVING L. BLOCK, (IRVING MANTEL, of counsel,) for appellant.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

An action of forcible detainer was instituted by plaintiff, Given, in the municipal court of Chicago against Hattie H. Lofton to recover possession of certain premises in

the city of Chicago. Defendant filed a motion to strike the complaint for want of notice in compliance with the statute. The motion was taken with the case and the cause was heard by the court without a jury. The only issue submitted to the court was the question of the sufficiency of the notice and demand. The motion to strike was overruled and judgment was entered in favor of plaintiff. On appeal to the Appellate Court for the First District the judgment was reversed without a remanding order. The cause is here upon plaintiff's petition for leave to appeal.

Defendant has not appeared or filed any brief in this court.

Defendant was in possession of the property under a contract of purchase. This action comes within paragraph 5 of section 2 and of section 3 of the Forcible Entry and Detainer act. (Cahill's Stat. 1933, chap. 57, p. 1483.) The pertinent provisions of those sections are:

"Sec. 2. The person entitled to the possession of lands or tenements may be restored thereto in the manner hereafter provided: * * * Fifth—When a vendee, having obtained possession under a written or verbal agreement to purchase lands or tenements, and having failed to comply with his agreement, withholds possession thereof after demand in writing by the person entitled to such possession.

"Sec. 3. The demand required by the preceding section may be made by delivering a copy thereof to the tenant, * * * provided that in case there is a contract for the purchase of such lands or tenements, notice that a proceeding under the provisions of this act is to be instituted shall be given to the purchaser under such contract at least thirty days prior to the institution of such proceeding, * * * which demand for possession may be in the following form: To.............., I hereby demand immediate possession of the following described premises (describing the same). Which demand shall be signed by the person claiming such possession, his agent or attorney."

On May 3, 1933, plaintiff served a notice on defendant which stated default had been made in payments due under the contract, and that unless payment were made within thirty days thereafter the contract would be forfeited, terminated and steps taken to recover possession of the premises. Payment was not made within thirty days, and on June 6 plaintiff served another notice on defendant which recited that plaintiff had elected to terminate the contract on account of default in payment and that the right to reenter and take possession would be immediately exercised. Attached to the notice was a demand for immediate possession in the form prescribed by the statute. The forcible detainer suit was thereafter instituted on June 11.

The Appellate Court held that section 3 of the Forcible Entry and Detainer act provides that a demand for possession shall be made at least thirty days prior to the institution of the suit and that the notice of May 3 was not a demand. Prior to 1931 a demand for immediate possession in the statutory form was the only prerequisite to a suit for possession under the act on account of a default under a contract to purchase. In 1931 section 3 was amended by adding the requirement for a thirty days' notice prior to the demand and institution of suit. (Laws of 1931, p. 610.) It is therefore apparent that since the amendment a thirty days' notice and a subsequent demand are both necessary before instituting suit. The statute nowhere requires the demand to be made thirty days before suit. It is the notice, only, which must be served thirty days prior to the demand for immediate possession.

The notice in the case at bar was served and the demand was made at the times required by the statute. The order of the Appellate Court is therefore reversed and the judgment of the municipal court of Chicago is affirmed.

*Order of Appellate Court reversed.*
*Judgment of municipal court affirmed.*