CHESTER A. STARK, d/b/a CHESTER A. STARK & ASSOCIATES, Plaintiff-Appellee, *v.* RALPH F. ROUSSEY AND ASSOCIATES, INC. *et al.*, Defendants-Appellants.

(No. 55566;

First District—April 26, 1972.

*Rehearing denied May 17, 1972.*

Philip Conley, of Chicago, for appellants.

James A. Regas, of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

Defendants, Ralph F. Roussey and Associates, Inc., a corporation, and Ralph F. Roussey, individually, appeal from a decree entered in the Circuit Court of Cook County foreclosing a mechanic's lien.

The issues presented for review are whether the trial court erred in denying defendants' petition for change of venue; whether the decree foreclosing the mechanic's lien was erroneous in allowing the plaintiff to recover certain sums of money; and whether the trial court erred in entering judgment against Ralph F. Roussey, individually.

The plaintiff, Chester A. Stark, an architect, filed a complaint on December 5, 1963, to foreclose a claim for a mechanic's lien on certain real estate owned by the defendant corporation, Ralph F. Roussey and Associates, Inc. Ralph F. Roussey was president of the corporation and acted on its behalf in its negotiations with the plaintiff. The case was referred to a master in chancery and hearings were held between July, 1965, and November, 1966, before the master.

The case was mistakenly dismissed for want of prosecution on November 5, 1965. It was reinstated on October 29, 1968. Within the time required by the Supreme Court Rules following the order vacating the dismissal and reinstating the case, defendants filed a post-trial motion requesting the vacature of the dismissal be set aside. While this was pending, defendant Ralph F. Roussey filed a petition for change of venue alleging that he feared "[h]e will not receive a fair trial in said court, on account that the Judge thereof is prejudicial against him, the petitioner, so that he cannot expect a fair trial in said court." On March 27, 1969,

the trial judge denied the petition on the grounds that it was untimely. Later, on April 7, 1969, defendants' post-trial motion to set aside the vacature was denied and, once again, defendant Roussey filed a petition for change of venue which was also denied as untimely.

Defendants appealed from the order of reinstatement as well as from the denial of the petition for change of venue. The Appellate Court, First District, in an opinion of the same title, *Stark v. Roussey*, 266 N.E.2d 439, filed December 7, 1970, affirmed the order of reinstatement. The appeal as to the petition for change of venue was dismissed for reasons which will be discussed subsequently.

Later, the master's report was filed and objections to it were heard. On August 13, 1970, the decree foreclosing a mechanic's lien in favor of the plaintiff was entered by the trial court. It is from this final decree that defendants herein appeal.

The first issue raised on appeal is whether the trial court erred in denying the petition for change of venue. In this previously mentioned Appellate Court opinion of the same title, the court dismissed the appeal as to the order denying the petition for change of venue, the basis for the dismissal being that the order denying the petition for change of venue, standing alone, was of an interlocutory nature and, as such, not a final and reviewable judgment. Since the Appellate Court dismissed the appeal as to the petition for change of venue, the trial court has entered final judgment in this cause. The issue as to whether the trial court erred in denying the petition for change of venue therefore is now appealable and properly before this court.

■■ We find it necessary to decide only this first issue presented by the defendants for review. The law in Illinois is well-settled that a litigant has an absolute right to a change of venue when his petition asserting prejudice of the trial judge is duly made, verified and filed in accordance with the statute. (*Marshall Savings and Loan v. Henson* (1966), 78 Ill. App.2d 14.) Defendants' petition in this case is in compliance with the statutory requirements set forth in the Venue Act, (Ill. Rev. Stat., 1967, ch. 146, pars. 1—17). The only question remaining is whether such petition was filed in apt time. The rule is that the petition must be offered at the earliest practical moment and will be denied on the ground it was filed too late only if filed after a hearing has commenced on the merits of the case. (*Roherty v. Green* (1965), 57 Ill.App.2d 362.) When the defendants first presented the petition for change of venue, following their motion to vacate the October 28, 1968, reinstatement of the case, the master's findings had not yet been filed nor had objections to it been heard. In other words, no hearing on the merits had been held to that time. We find no reasons therefore for the trial court to have denied

defendants' petition for change of venue. In view of this finding, we reverse the decision of the trial court denying the petition for change of venue and remand this cause to the Circuit Court for further determination. ■■ We need not decide those issues urged by defendants on appeal concerning the award of damages by the trial court because all material issues decided by the trial court are a nullity, the court having lost jurisdiction when the petition was filed. *Chrysler Credit Corp. v. M.C.R. Leasing Co.* (1969), 114 Ill.App.2d 43.

The decree of the Circuit Court is reversed with directions to grant the petition for a change of venue and for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

BURMAN and ADESKO, JJ., concur.