EVAN J. MORRIS *et al.*, Plaintiffs-Appellees, *v.* ANTHONY R. MARTIN-TRIGONA, Defendant-Appellant.

Fourth District    No. 15919

Opinion filed October 3, 1980.—Rehearing denied November 10, 1980.

D. L. Bertelle, of Chicago, for appellant.

Charles W. Hendrix, of Champaign, for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant appeals the dismissal of his section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72). We must, on the third appeal of this case, reverse a portion of that order and remand this cause to the trial court. Because of the issues involved, it is necessary to set forth in some detail the torturous procedural history of this cause.

Plaintiffs and defendant entered into a contract for deed concerning certain property in Champaign County. Defendant failed to keep the property insured and missed several payments and was given notice by the plaintiffs that he was in default. Plaintiffs then filed suit for possession and for damages under the Forcible Entry and Detainer Act. The action was given an "S" designation by the clerk.

Defendant filed a petition for removal to the Federal District Court, a by now familiar course of conduct in each case wherein Martin-Trigona is a party. That petition was denied and the Federal Court remanded the cause to the State court. No response from the defendant having been filed and no appearance having been made, the trial court entered a default judgment in favor of plaintiffs.

Following the entry of the default judgment, the cause was set for a hearing on the question of damages before Judge Sherrick, who had not previously heard any part of this suit. Defendant appeared at that hearing and filed a motion for change of judge. It is noteworthy that the motion as prepared did not name Judge Sherrick until defendant wrote in his name

during argument on the motion. That motion was denied, and defendant left the hearing, maintaining that the court did not have jurisdiction. Judgment for possession and damages of $5,085 for defendant's wrongful continuation of possession was then entered. A notice of appeal from this judgment was filed and was docketed as No. 14652. That appeal was dismissed for want of prosecution.

Plaintiffs thereafter filed a citation to discover assets. Defendant appeared at the hearing on the citation and attempted to file a section 72 petition. The trial court refused to hold an immediate hearing on the petition and defendant filed a notice of appeal. Defendant then refused to answer questions concerning his assets propounded by plaintiffs, claiming a fifth amendment right against self-incrimination. He was then held in contempt of court. The notice of appeal filed during the hearing was docketed as No. 15035 and was dismissed by this court for want of a final order.

Defendant then refiled his section 72 petition. Plaintiffs moved to strike the petition and that motion was allowed. This appeal is from that order and, while we reverse, we do not find it necessary to address each of defendant's claims raised in the petition.

■■ The proceeding here may be divided into three portions: (1) the granting of a default judgment, (2) the hearing on damages which resulted in an order for possession and a judgment for money, and (3) the contempt order. Defendant raised several issues in his section 72 petition relating to the court's jurisdiction in all instances. Contrary to defendant's assertions, the court did have jurisdiction to award damages for rent (Ill. Rev. Stat. 1979, ch. 57, par. 5). The fact that this cause was given an "S" number (denoting a small claim) involves the internal procedures of the Champaign County Clerk's office and did not deprive the court of jurisdiction. Likewise, the failure of the trial court to award a defendant a stay, even if error, which it was not, was not jurisdictional and consequently cannot be attacked collaterally.

Defendant argues that the trial court had no jurisdiction to enter the default judgment because plaintiffs failed to send him notice of their intent to file suit 30 days before initiating this action. That notice is clearly required by section 3 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1975, ch. 57, par. 3). The record shows that on February 27, 1976, defendant was given a notice of default on the contract for deed. On November 23, 1976, plaintiffs sent defendant an "Election by Sellers to Declare Agreement at End" which included their demand for immediate possession. The complaint, to which these two notices were appended, was filed on November 24, 1976.

■■ We note initially that this issue was not raised in defendant's section 72 petition and appears for the first time in his brief on appeal. We

address the issue here only because it goes to the question of voidness which may be raised "at any time," and we conclude that the general rule includes proceedings on appeal.

■■ The failure of plaintiffs to give the required notice is without a doubt a defect. (*Given v. Lofton* (1935), 359 Ill. 228, 194 N.E. 512.) Defendant argues that the hearing on the complaint resulting in the entry of default judgment was improperly held and that the trial court was without subject matter jurisdiction because no notice was given. (See *Craft v. Calmeyer* (1934), 274 Ill. App. 296.) In *Craft*, the court, in dicta, relied on the theory that the trial court in forcible entry and detainer was a court of limited jurisdiction to reach the conclusion that deviation from the statutory procedure deprived the court of subject matter jurisdiction. Since the adoption of the Judicial Article in 1964 and the subsequent inclusion of that article in the 1970 Constitution (Ill. Const. 1970, art. VI), that theory is no longer valid. We therefore find that the failure to give defendant the statutorily required 30-day notice, while error, did not deprive the trial court of jurisdiction. The judgment was therefore not void and could not be attacked for that reason by a section 72 petition even if included.

■■ Upon one issue, however, we must reverse. It is clear that a defendant is entitled to one change of judge when the judge has not yet made a ruling of substance. (*Anderson v. City of Wheaton* (1975), 25 Ill. App. 3d 100, 323 N.E.2d 129.) Even though default judgment had been entered—certainly a ruling of substance—Judge Sherrick, at whom the venue motion was directed, had not made any rulings. Nor had defendant made any prior motions for a change of judge in this cause. The defendant was entitled to a change of judge as a matter of right. By denying defendant's venue motion, Judge Sherrick divested himself of jurisdiction and the order granting plaintiffs' possession and damages must be reversed and remanded for a new hearing before a different judge. *Little v. Newell* (1973), 14 Ill. App. 3d 564, 302 N.E.2d 739; *Stark v. Roussey & Associates, Inc.* (1972), 5 Ill. App. 3d 665, 284 N.E.2d 924.

■■ We specifically do not reverse that portion of the order denying section 72 relief concerning the contempt order. Even though we find error in the underlying judgment, the contempt citation is not thereby voided. The contempt arises independently of the validity of the judgment in aid of which the citation was issued. (*United States v. United Mine Workers of America* (1947), 330 U.S. 258, 91 L. Ed. 884, 67 S. Ct. 677.) It is clear that regardless of the validity of the underlying order, the trial court is vested with the power to protect its authority and command respect for its own orders by use of the contempt power. The only exception to this rule is where the court does not have subject matter jurisdiction over the cause. (*City of Chicago v. King* (1967), 86 Ill. App. 2d 340, 230 N.E.2d 41.) As has been stated above, this is not the case here.

We therefore reverse and remand for a new hearing on damages and affirm both the underlying judgment and the judgment of contempt.

Affirmed in part, reversed in part, and remanded for a new hearing.

WEBBER, J., concurs.

Mr. JUSTICE TRAPP, concurring in part and dissenting in part:
I concur in the opinion as it affirms the underlying judgment and the judgment for contempt. I dissent from the opinion insofar as it determines that the trial court erred in denying defendant's motion for substitution of judge and reverses and remands for a new determination of damages.

Section 1 of "An Act to revise the law in relation to change of venue" (Ill. Rev. Stat. 1979, ch. 110, par. 501 *et seq.*) provides the grounds for change of venue in a civil action. Section 3 (Ill. Rev. Stat. 1979, ch. 110, par. 503) provides that an application for a change of venue by a party or his attorney shall be by a petition which shall be verified by the affidavit of the applicant and set forth the cause of the application. Section 3 provides specifically:

> "A petition for change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, * * *."

A reading of this record supports the conclusion that the trial court had indeed ruled upon a matter of substance prior to consideration of the motion for change of judge here presented and that his subsequent order denying the petition was lawful.

The record shows that on September 15, 1977, all circuit judges of Champaign County recused themselves from this cause. On September 20 the chief judge of the circuit entered an order assigning Judge Sherrick, a circuit judge of Coles County, to hear this case then pending in Champaign County. The clerk gave notice of allotment for hearing on October 12, 1977.

On October 12, 1977, when the case was called for hearing, defendant filed a notice of special and limited appearance reciting that a petition for removal had been filed in the United States District Court, and that defendant appeared "for the sole purpose of advising the Court that pending the resolution of the petition for removal, the state court lacks jurisdiction to proceed * * *." Attached to that document was a purported copy of petitioner's "SECOND PETITION FOR REMOVAL" to the United States District Court. Such attached copy was not verified and did not display any file stamp of that court. Also attached were photocopies of two opinions of this court concerning prior appeals.

A "MOTION FOR CHANGE OF VENUE (JUDGE)" is also file-stamped October 12, 1977. Neither the motion nor the accompanying affidavit as prepared included the name of the assigned judge, but the name "Sherrick" was scrawled in following the words "change of judge." In contrast, it is noted that the name of the assigned judge is typed into the body of the notice of special appearance filed.

The common law record for October 12, 1977, sets forth the appearances of the parties and relevant portions state:

> "Defendant presents notice of filing special and limited appearance. Arguments heard. Defendant's special and limited appearance denied.
>
> Defendant files motion for change of venue. Hearing on motion. Motion denied."

The order of the trial judge on October 12 directed that a written order be prepared. Such order, signed and filed on October 14, recites in sum that upon the case being called for hearing defendant presents in open court the notice of filing of the special and limited appearance, together with a document entitled "PETITIONER'S SECOND PETITION FOR REMOVAL" and in addition, defendant filed a motion for a change of venue (judge) together with an affidavit of defendant. The written orders continued:

> "And the Court upon requesting arguments in favor of and in opposition to said motions as presented by the Defendant * * * hears the presentation as made by the said defendant * * * relating to the Petitioner's Second Petition For Removal after which said defendant * * * leaves the courtroom stating that the counsel for Plaintiff * * * in his argument is referring to the merits of the case and, therefore, that the said Defendant does not wish to be present."

The written order of the trial court proceeds to make certain findings concerning the petition to remove the cause to the Federal court, including references to the Federal Rules of Civil Procedure, and thereafter the written judgment order turns to and considers the motion for change of venue from the judge. Both the common law record entry and the written order are consistent with the conclusion that the defendant first presented a special appearance limited to the removal petition and presented and argued with regard to such document.

The resolution of the matter of the special and limited appearance seems clearly to be a matter of substance, and it appears the defendant in logic and in fact considered the issue of the removal of the cause to the Federal District Court to be the threshold to further proceedings. If defendant prevailed upon such issue, the matter of the change of venue would have no present purpose.

This conclusion is substantiated by the report of proceedings. At the opening of the hearing the court asked defendant what documents were to be noted. Defendant responded that he had tendered the notice of special and limited appearance with a copy of the petition for removal. He continued that there was also a motion for change of judge which he declared "may be a surplus Motion because under the Appellate Court's interpretation of the law, that there can't be any proceedings until it's remanded (from the District Court)." In subsequent colloquy defendant states that he is challenging the jurisdiction of the State court.

The trial court requested that defendant advise him of the law with regard to the petition for removal and defendant suggested that the judge review the attached appellate court's opinions which defendant deemed "dispositive of the issues here." The proceedings advanced into confused colloquy in which defendant objected that plaintiff's counsel argued the merits of the case rather than the jurisdiction of the court, and that he did not wish to be heard by the court upon the merits. Defendant insisted that under the appellate decisions there was nothing presently before the court. As defendant persisted with objections and the court insisted that he wished to hear defendant's counsel, defendant advised that he did not wish to participate in the argument as it might constitute a waiver of rights under the statute for removal.

As the colloquy continues, defendant advised that he would leave as there was nothing more to do. When the court requested that defendant sit down, defendant announced that the petition for removal had been filed and that he would absent himself from further proceedings. In a closing phrase he mentioned the motion for change of venue from the judge. The court pointed out that the motion did not name any particular judge and hence was not adequate, to which defendant stated, "I'll just fill in your name now Judge. That's no problem." The court stated "Now, in order that there is no misunderstanding, I'm considering first this Petition for Removal. Then, I will consider the Motion for Substitution of Judge, in that order."

The court directed plaintiff's counsel to proceed and defendant renewed his objection. Defendant argued, "So that in that sense he is really violating the Court's order, that we would consider first, the question of removal."

We find that defendant repeated in his objection to plaintiff's argument, "Well Judge, the record—you issued an order that we are to determine and you are considering at this moment, the Removal Petition which has now been filed in Federal Court. * * *."

After further brief colloquy defendant absented himself from the courtroom and the matter continued in his absence.

This summary of a number of pages of the proceedings discloses that the parties did, in fact, as well as is shown in the common law record, first take up and determine the issue of the jurisdiction of the court as it was affected by the purported second petition for removal to the Federal District Court.

It thus becomes clear that both within the statute and the law as stated by the courts of review the court and the parties expressly undertook to first determine the question of the jurisdiction of the trial court, and that such question constituted a substantial issue to be determined prior to both the actual presenting of the motion for substitution of judge and the ruling upon such motion.

For such reason I would affirm the trial court upon all issues.